STAR CLOTHING MANUFACTURING CO. *v.* NORDEMAN *et al.*

(*Nashville*.   December Term, 1906.)

1. **FOREIGN STATUTES.**- Presumption as to, in absence of proof.

In the absence of evidence to the contrary, it will be presumed that the law of another State is the same as our own.

2. **CONDITIONAL SALES.** Characteristics of.

A conditional sale of personal · property, as understood in this State, means one in which the title is retained by the vendor with no right in the vendee. to sell the property, and in which the property is not subject to the debts of the vendee.

Cases cited and approved:   Houston v. Dyche, Meigs, 76; Gambling v. Read, Meigs, 281; Price v. Jones, 3 Head, 84; Holmark v. Molin, 5 Cold., 482; Bradshaw v. Thomas, 7 Yerg., 487.

3. **SAME.** Retention of title to merchandise, to be resold by vendee, invalid.

A sale on credit of merchandise to a retail merchant for sale in the ordinary course of business passes title to the buyer, notwithstanding an agreement in writing that title shall not pass until payment is made; the provision for the retention of title is nugatory because contrary to public policy.

Cases cited and approved:   McCombs v. Guild Church & Co., 9 Lea, 81-86; Wilder & Co. v. Wilson, 16 Lea, 548-553-555; and ·cases cited under second headnote.

4. **SAME.** Purpose of act of 1899, chapter 15.

The purpose of the act of 1899, chapter 15, providing that all conditional sales of personal property, where the title to the property is retained, shall be invalid unless evidenced by written contract, was merely to forbid the making of such contracts by parol, as had been previously permitted, without altering the es-sential nature of such contracts.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —JOHN ALLISON, Chancellor.

LUKE LEA, for Manufacturing Co.

W. H. WILLIAMSON, for Nordeman.

MR. JUSTICE NEIL delivered the opinion of the Court.

The S. Steinberg Dry Goods Company ordered from the complainant a bill of goods amounting to $113. This order was filled, but as a condition thereof the complainant required the execution of the following obligation:

"It is agreed between the parties to this order that this bill becomes immediately due and payable if person or persons to whom goods were consigned assigns, burns out, sells out, is sued, suspends payment, removes, incumbers, or otherwise disposes of his or their stock of merchandise; and the seller, if he so elects, may claim any or all of the portion of the goods herein described. Acceptance of goods herein specified is an agreement on the part of the purchaser to all the terms, conditions, and provisions herein contained. As a condition to this

118 Tenn—25

contract, it is agreed that title to these goods does not pass until goods are paid for in full.

"Approved by purchaser.

"[Signed]              S. STEINBERG DRY GOODS CO."

This order was filled about October 2, 1903, and the goods were shipped to Newport, Arkansas; the purchaser being engaged in business in that town, and also in Clarksville, Tennessee. On October 19, 1903, the S. Steinberg Dry Goods Company was adjudged a bankrupt in the United States District Court at Nashville, Tennessee, and defendant Nordeman was appointed receiver, and a few days thereafter was elected trustee of the estate under the provisions of the act of Congress, and the goods in question passed into his hands.

The dry goods company having never paid any part of the purchase price of the goods, the complainant demanded them from the trustee, Nordeman, to whom they had been shipped from Newport, Arkansas, after he became trustee, on the ground that the title had never passed to the dry goods company. He refused the demand and sold the goods. This suit is brought against him to recover their value. No question is made as to the jurisdiction of the State court in the premises.

The S. Steinberg Dry Goods Company was engaged in the retail dry goods business at Newport, Arkansas, and the goods were shipped to them by complainants for use in that business. They consisted of shirts, overalls, etc. The chancellor rendered a decree in favor of

the complainant, and on appeal the court of chancery appeals affirmed that decree. From this decree the trustee in bankruptcy has appealed.

The question presented is whether there can be a lawful conditional sale to a retail merchant of goods to be resold in and for the purposes of, and in prosecution of, his business; that is to say, can there be a lawful retention of title under such a state of facts, or is this inconsistent with the nature of a sale made under the circumstances stated?

There is no evidence as to the law of Arkansas, and we must therefore assume that it is the same as our own. The case will therefore be determined on that basis.

There was an indication in *McCombs* v. *Guild, Church & Co.*, 9 Lea, 81, 86, that such retention of title would be deemed by this court as "contrary to public policy and void," where the purchaser was vested with the right to sell the goods. In the later case of *Wilder & Co.* v. *Wilson,* 16 Lea, 548, 553, 555, there was a still stronger intimation that such power of sale was absolutely inconsistent with the reservation of title, and that such reservation was necessarily void. The question was not decided in the two cases referred to, but we think the suggestions thrown out were sound and just.

A conditional sale of personal property, as understood in this State, means one in which the title is retained by the vendor, with no right in the vendee to sell the property (*Houston* v. *Dyche,* Meigs, 76, 33 Am.

Dec., 130; *Price* v. *Jones,* 3 Head, 84; *Holmark* v. *Molin.* 5 Cold., 482; Acts of 1899, p. 19, c. 12, sec. 1; Shannon's Code Supp., p. 638), and in which the property is not subject to the debts of the vendee (*Gambling* v. *Read,* Meigs, 281; *Bradshaw* v. *Thomas,* 7 Yerg., 497).

The foregoing characteristics of the sale do not preclude the idea, however, of a very distinct interest in the vendee. *Meagher* v. *Hollenberg,* 9 Lea, 392.

The two characteristics above mentioned are inconsistent with a sale made to a retail merchant of goods to be resold by him in the ordinary course of his business. We are of the opinion, therefore, that the retention of title was nugatory, and that the goods belonged to the S. Steinberg Dry Goods Company, and properly passed into the hands of its trustee in bankruptcy. We are aware that a different view of this question is entertained in some of the States, but we believe the foregoing to be the sounder view and most in accord with public policy. It is certainly in line with our own previous decisions, and with the disinclination of this court to extend the law of conditional sales further than has already been done, since they are essentially out of harmony with the policy which underlies our registration laws.

We are referred to chapter 15, p. 24, Acts of 1899, which reads as follows: "Hereafter, in all conditional sales of personal property wherein the title to the property is retained by the vendor as a security for the payment of purchase money, such retention of title shall

be illegal and invalid, unless evidenced by a written contract or memorandum, executed at the time of the sale."

It is insisted that this statute has some bearing upon the question. It has no further bearing than the single requirement that conditional sales must be in writing, instead of in parol. The purpose of the statute was merely to forbid the making of such contracts by parol, as had been previously permitted. It was not the purpose of this statute to alter in any wise the essential nature of the contract.

It results, from what has been said, that the decrees of the chancellor and of the court of chancery appeals were erroneous, and must be reversed, and the bill dismissed.