## KENNER & CO. *v.* LOUIS PETERS.

### (*Knoxville*. September Term, 1918.)

**SALES. Contracts. Retention of Title. Necessity of Writing. Statutes.**
A note stating consideration as "one Chalmers 6 Cyl. car," and "it
is further agreed that the title of said ——— shall remain in seller,"
being insufficient to identify the property without resort to parol
evidence, does not comply with Acts 1899, chapter 15, requiring
sales contracts retaining title to be in writing.

Acts cited and construed: Acts 1899, ch. 15.

Cases cited and approved: Southern Ice & Coal Co. v. Alley, 127 Tenn.,
173; Nance v. Piano Co., 128 Tenn., 1; McDonald Auto. Co. v.

Bicknell, 129 Tenn., 493; Shaw v. Webb, 131 Tenn., 173.
Cases cited and distinguished: Manufacturing Co. v. Nordeman, 118
Tenn., 384.

---

## FROM SULLIVAN.

---

Appeal from the Chancery Court of Sullivan County
to the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—HON.
HAL H. HAYNES, Chancellor.

PHILLIPS & TESTERMAN, for appellant.

J. L. WATTS and ST. JOHN & GORE, for appellee.

Mr. Cox, Special Justice, delivered the opinion of the Court.

This is a suit against Peters, the sub-vendee of an automobile, for the collection of the balance due upon certain promissory notes executed by the original vendee, as a part of the purchase price. Peters is sued as upon conversion; the contention being that, in the deferred purchase-money notes, title was retained to the car to secure the amount of said notes. The car was a six-cylinder Chalmers, sold by complainants to one George Brown on April 12, 1916. Brown made a cash payment and executed his three promissory notes for the balance; one note being for $378, due on or before June 12, 1916, one for $378, due on or before July 12, 1916, and the third note being for $665, due on or before October 12, 1912, all of which notes provided for interest from date, and each recited that the failure to pay any one of the notes should operate to make all of them due and payable.

Brown sold the car to the defendant, Peters, without having paid the notes or any part of same. It is alleged in the bill that the supposed sale was but a fraudulent scheme; that Peters and Brown were in fact partners, and that the sale was colorably entered into, the car having been removed by Peters to the State of Virginia immediately after its purchase by him; that it was understood between the complainants and said Brown, when the car was sold to the latter, that the same should not be removed from the State of Tennessee. It is also alleged, as another evidence of the fraud, that the amount which Peters paid for the automobile was grossly inadequate to the true value of same.

Peters answered the bill, stating that he was, at the time of the filing of the bill and the answer, a resident of Hopewell, Va.; that he knew and knows nothing concerning the sale by complainants to Brown or the agreement that the car should not be taken from the State of Tennessee; that he purchased the car on May 6, 1916, and paid $500 therefor by the assumption of certain debts of Brown and payment of certain cash; and that he used the car for a while at Hopewell, Va., and then sold it for $440. He denies the fraud, and states that he only knew Brown for a short time before the purchase of the car from him, and that the sale took place in the State of Virginia, and the defense is relied upon that the laws of Virginia should govern the rights of the parties, which requires the registration of title retention notes as against third parties. By amendment to the original bill, the complainants charge that the purchase by Peters of the automobile in Virginia was a part of the fraudulent scheme between Brown and Peters.

The notes in question were produced and filed, and the testimony of witnesses taken upon the issues thus raised by the parties. The contention was made by Peters that the notes do not constitute a sufficient description or identification of the car in order to show that the title was retained to same. By admission, two of the notes have been eliminated, complainants now claiming that the second note mentioned above, for $378, is the only one which they rely upon as retaining the title to the automobile, and they seek judgment against Peters on this note, as for a conversion of the automobile, having attached in this cause certain real

estate belonging to defendant, Peters, at Kingsport, Tenn. The note in question is as follows:

"378.00 Rogersville, Tenn., April 12, 1916.

"On or before the 12th day of June, 1916, we the undersigned, of Sullivan county, State of Tennessee, for value received in one six-cylinder Chalmers car, promise to pay to the order of Kenner & Company, of Rogersville, Tennessee, three hundred seventy-eight dollars, with interest at the rate of six per cent per annum from date until paid. We agree that if this note is placed in the hands of an attorney at law for collection, or has to be sued on, that —— will pay ten per cent. attorney's fees in addition to the principal, which fee shall be added to and become a part of the principal. This is the —— of a series of —— notes for one Chalmers 6 Cyl. car, and it is understood and agreed, if any of said notes remain unpaid for thirty days from maturity, all of said series of notes shall at the option of the said Kenner & Company become due and payable immediately. It is further agreed that the title of said —— shall remain in said Kenner & Company until all of said series of notes shall have been paid. It is also further understood and agreed that the makers and indorsers of this note hereby waive demand and protest, and notice of demand and protest, and in case of the insolvency of the makers of this note, or series, or either of them, then this note, or series of notes, shall become due and payable immediately.

"Negotiable and payable at the Citizens' Bank of Rogersville, Tenn.                    GEORGE BROWN,

"JAMES BARRANT."

Neither Brown nor his surety, or comaker, Barrant, are parties to the suit, nor is the possession of the automobile sought. It is not known where the latter is. The only difference between this note and the other two is that, where the words "one Chalmers 6 Cyl. car" appear therein, as being the property for which the series of notes are executed, they do not appear in the other two notes. In one of the other notes the space is left blank, and in the other the property is designated as "one six-cylinder car." In all of the notes, the sentence purporting to retain title does not have the blank space filled in, showing what article it is in which title is so retained. Barrant signed the note as security for the payment of same.

The chancellor held that:

"No such retention of title was shown for lack of description of the automobile, and because the clause in the notes, which it is insisted, constitute said required written agreement, was left blank, as regards the thing to which title was intended to be retained. To make the writing conform to law, it should give some description capable of directly identifying the article so conditionally sold; it must refer to it in such way as to enable one making reasonable inquiry to follow up and make its identification certain. Less than this would not be retention of title in writing, but it would be in parol, or at least a material part thereof would not be written."

The court of civil appeals reversed the decree of the chancellor, holding that the essential requirements of Acts 1899, chapter 15, forbidding the making of such contracts by parol, "was fully met by the incorporation

of the language which is used to the effect that the title should remain in Kenner & Co. until the notes had been paid," citing *Manufacturing Co.* v. *Nordeman,* 118 Tenn., 384, 100 S. W., 93, and *Harrison* v. *Weinstein,* 3 Tenn. Civ. App., 217, and granted the conplainants the relief sought against the defendant Peters upon the theory of conversion.

By *certiorari* and *supersedeas,* Peters has brought the case here for a review of the decree of the court of civil appeals.

We think the latter decree is erroneous, and that the decree of the chancellor is the correct one, upon the question of the sufficiency of the title retention note as such. It will therefore not be necessary to consider the other questions raised in the case.

There is nothing contained in *Mfg. Co.* v. *Nordeman,* supra, to support the holding of the court of civil appeals. In that case the sole and only question presented was:

"Whether there can be a lawful conditional sale to a retail merchant of goods to be resold in and for the purposes of, and in prosecution of, his business; that is to say, can there be a lawful retention of title under such a state of facts, or is this inconsistent with the nature of a sale made under the circumstances stated?"

It was held that there could not be. No question as to sufficiency of description or sufficiency of memorandum or writing was involved in that case.

The following statement was made in that case, with reference to the decision under the facts there before the court, and concerning the danger of going too far along the line of liberality of construction in favor of

such securities, and we think it should be repeated and reiterated here, viz.

"It is certainly in line with our own previous decisions, and with the disinclination of this court to extend the law of conditional sales further than has already been done, since they are essentially out of harmony with the policy which underlies our registration laws."

In the case of *Harrison* v. *Weinstein Bros.*, supra, the note in question was executed in payment for a diamond ring in which it is stated that the vendor is to "retain lien on said ring until same is fully paid for." The main question involved in that case was whether or not the use of the word "lien" was equivalent to the words "retention of title." The court of civil appeals held that it was, upon the idea that the purpose and effect of these title retention notes is security for the payment of the debt. This is in line with the decisions of this court. The retention of the title in these notes is merely a means of security, and the vendor has only a lien upon the property. See *Southern Ice & Coal Co.* v. *Allen,* 127 Tenn., 173, 154 S. W., 536; *Nance* v. *Piano Co.,* 128 Tenn., 1, 7, 155 S. W., 1172, Ann. Cas., 1914D, 834; *McDonald Auto. Co.* v. *Bicknell,* 129 Tenn. 493, 167 S. W., 108, Ann. Cas., 1916A, 265; *Shaw* v. *Webb,* 131 Tenn., 173, 174 S. W., 273, L. R. A., 1915D, 1141, Ann. Cas., 1916A, 626.

In the *Harrison* v. *Weinstein Case* the question of description was also considered. We do not think it necessary to refer to this question in the case under consideration further than to say that we do not feel that the Weinstein Case should be extended in its application and that it should be confined to its own particular facts. We think the note involved in the case before us is insufficient for another reason: The provi-

sion or the act of 1899, to the effect that these conditional sales contracts retaining title shall be in writing, is analogous to the statute of frauds, and should be strictly enforced and adhered to in this respect. It is conceded in the brief of complainants that this statute in this respect is akin to the statute of frauds. We think that, if the contract is, in any particular, in parol, that it is entirely in parol. The sentence in the note in question here, relating to the retention of title, is:

"It is further agreed that the title of said ——— shall remain in said Kenner & Company until all of said series of notes shall have been paid."

To hold as complainants contend, that this is a retention of title to the automobile in question it would be necessary to impart into the written note or memorandum something which is not there. Complainants insist that the intention of the parties can be arrived at from the whole instrument, and that this intention is that title to the six-cylinder Chalmers car was retained by Kenner & Co. "until all of said series of notes shall have been paid." We do not think such intention can be *definitely* and *certainly* arrived at from the instrument itself without the aid of parol testimony. It would of necessity have to be as to an understanding or agreement in parol, should it be construed to relate to the automobile in question. The intention of the parties cannot be otherwise arrived at from this instrument, except by conjecture; and one conjecture may be as correct as another. For instance, would it not be as reasonable for us to presume that it was *not* the intention that title be retained in the car, and that the space was not filled in by description of the car, for the reason that Brown furnished Barrant as his surety, and

that Kenner & Co. were satisfied with such security, in lieu of retention of title to the automobile?  In either event, it becomes necessary that the matter be set up in parol.  We cannot arrive at what the real agreement of the parties was at the time the notes were executed, from this instrument, without the consideration of parol testimony.  This renders the instrument one in parol, and therefore not in compliance with the act of 1899, requiring such instruments to be in writing.  The statute provides that "such retention of title" shall be illegal and invalid, unless "*evidenced*" by the written contract or memorandum, executed at the time of the sale."  The "retention of title" is not "evidenced" by the note in question. It is the very thing which is left blank, and in order to obtain "evidence" of it parol testimony must be resorted to.  By analogy to the statute of frauds, we think this renders it entirely in parol and not a compliance with the statute.  We think to hold otherwise in this case would be fruitful of much mischief, and that there would be no limitation or border line in determining as to when the requirements of the act regarding such contracts had been met.  The ultimate result would be the abrogation of the statute by judicial legislation and the defeat of the legislative intent as expressed by the act in question.

No one knows where Brown, the original vendee, is. He is not a party to the suit, and his deposition was not taken.  The same is true as to Barrant, the surety of Brown upon the note.

For the reasons herein stated, the decree of the court of civil appeals is reversed, and the decree of the chancellor affirmed.  Kenner & Co. will pay all costs of the cause.