## J. H. McCALLUM, TRUSTEE, v. J. N. JONES.*

## (*Nashville.* December Term, 1924.)

1. **SALES.** Retention of title to merchandise sold on credit to retail merchant contrary to public policy.

Attempt, in contract for sale of stock of merchandise on credit to retail merchant, to retain title in seller, would be ineffective on grounds of public policy. (*Post, pp.* 494, 495.)

2. **FRAUDULENT CONVEYANCES.** Transaction held ''sale'' within Bulk Sales Act.

Delivery of goods by retail merchant to one from whom some were purchased, pursuant to agreement that latter might withdraw merchandise of his selection at cost price, to amount of contract price of those purchased, after certain period, *held* sale within Bulk Sales Act, not exchange. (*Post, pp.* 494, 495.)

Case cited and approved: Manufacturing Co. v. Nordeman, 118 Tenn., 384.

Code cited and construed: Secs. 3118a65-3118a67, (T.-S.).

---

*Headnotes 1. Sales, 35 Cyc, p. 679; 2. Fraudulent Conveyances, 27 C. J., section 890.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. —Hon. W. B. GARVIN, Chancellor.

FINLAY & CAMPBELL and JOE V. WILLIAMS, for appellant.

---

*On statutory requirements on sale of stock of goods in bulk, see note in 2 L R. A. (N. S.), 331.

On rights between parties to sale in violation of Bulk Sales Law, see note in 5 A. L. R., 1517.

BROWN & NOONE, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a decree awarding a recovery for the value of goods delivered to defendant, Jones, in violation of the Bulk Sales Law (Thomp.-Shan. Code, sections 3118a65-3118a67). The complainant is the trustee in bankruptcy of Lawless Bros., a mercantile partnership, against whom a petition was filed in May, 1923.

In October, 1922, defendant, Jones, delivered to Lawless Bros. a certain lot of merchandise under an agreement reading as follows:

"We have this day taken in Joe N. Jones stock of dry goods, clothing and furnishings at an agreed price of two thousand and five hundred dollars ($2,500).

"It is understood that the said Joe N. Jones shall have the privilege of withdrawing this amount of merchandise of his selection at cost price at any time after its expiration of ninety days from this date."

There followed a receipt for certain fixtures acknowledged to be the property of Jones, not involved in this controversy. This agreement was signed, "Lawless Brothers, by E. R. Lawless."

In the month of April preceding the filing of the petition in bankruptcy Lawless Bros. delivered to Jones, from their stock of goods, merchandise selected by him in the face value of $2,500, pursuant to the foregoing agreement.

Complainant sued to recover the value on the grounds both of an unlawful preference and of a violation of the

Bulk Sales Law. The chancellor sustained the bill on the second ground, and, the value having been fixed by agreement of the parties at $1,359.16, gave judgment accordingly.

The learned chancellor, in a memorandum opinion sent up with the record, says:

"The Uniform Sales Act defines a sale, as at common law, to be 'an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price.' Measured by this definition this transaction in October was a sale. There was an 'agreed price.' of $2,500, for which Jones transferred the property in the goods to Lawless Bros. Lawless Bros. put the goods upon their shelves, intermingled them with their other goods, sold them and their other goods indiscriminately to their customers, and applied the proceeds in their business. The relation between them and Jones was that of debtor and creditor in the sum of $2,500, payable at Jones' election in money or goods of his selection, at cost. Now, in April, 1923, three weeks before the petition in bankruptcy against Lawless Bros., Jones elected to take his pay in goods, and the goods were turned over to him. Measured by the same definition above quoted, this also was a sale. It was only an accident that a part of the goods delivered to Jones in April were part of what he had delivered to Lawless Bros. in the previous October. Up to that time Jones had no title to, or property, in, any goods. There was no attempt in the contract of October 19, 1922, to retain the title, and, if such attempt had been made, it would have been ineffective upon grounds of public policy. *Manufacturing Co.* v. *Nordeman*, 118 Tenn., 384, 100 S. W., 93. In April,

McCallum v. Jones.

1923, therefore, all that Jones had was an optional contract for delivery to him by Lawless Bros. of $2,500 of their goods of his selection at cost. The selection of the goods by Jones and their delivery to him worked a transfer of the property in the goods to him, or was intended to have this effect, and the price was the satisfaction of the obligation or debt which Lawless Bros. owed to him. It was therefore a sale within the meaning of the Bulk Sales Act, and was void because of the admitted failure to comply with the requirements of that act. This must be so, otherwise the purpose of the act would in a large measure be defeated. If the act does not apply to such a transaction as this, then all that any creditor of a merchant has to do to escape the act is to exact from the merchant at the time of the creation of the debt an agreement that he will pay the debt in money or goods at the option of the creditor."

This we approve and adopt.

We are unable to agree with counsel for appellant that the transaction was an exchange, rather than a sale of goods. Nor do we find that the record fails to establish the existence of creditors as contemplated by the Bulk Sales Act. The testimony of McCallum shows that there were creditors, and, moreover, the answer of the defendant not only fails to deny, but may be fairly construed to admit, that creditors existed. The decree of the chancellor is affirmed.