## MARYVILLE FURNITURE CO. v. ROWEN.

Court En Banc. August 8, 1925.

Certiorari denied by Supreme Court October 10, 1925.

1. **Sales. Description in conditional sales contract must be such that the property can be identified from it.**
The description given in a contract of conditional sale or a chattel mortgage must enable a person to take the instrument, and, from inquiries which the description itself indicates to locate the property. Shannon's Code Sec. 3670a1 requiring contracts of conditional sale to be in writing does not alter the rule.

2. **Chattel mortgages. Subsequent mortgage is superior to lien of conditional sales contract, where description in contract is indefinite.**
Where description in conditional sale contract does not enable identification of the property from inquiries which the description itself indicates. the purported title retained by the seller does not prevail over the lien of mortgagee who had no notice of original contract of sale.

3. **Evidence. Parol evidence. Inadmissible to supply defects of description.**
Parol evidence is inadmissible, in view of Shannon's Code, Section 3670a1, to supply defects in description of property covered by contract of conditional sale, where such testimony goes to identify the property without the aid of any inquiry suggested by the contract.

4. **Sales. Description in conditional sales contract held insufficient.**
Conditional sale contract, describing property as one "L. R. suit," held inadequate, without inadmissible parol proof to identify the suite of living room furniture.

Appeal in Error from Circuit Court, Blount County; Hon. S. C. Brown, Judge.

Drinnen & Sims, of Maryville, for plaintiff in error.

Homer A. Goddard, of Maryville, for defendants in error.

DeWITT, J. These cases were heard together, and will be decided in one opinion. They present a contest between the conditional seller and the chattel mortgagee of certain furniture. The determinative question is whether or not the description of the property sold, as set forth in the instrument of conditional sale. is sufficient to constitute it a valid contract. The facts are undisputed and are substantially as follows:

On October 3, 1921, T. B. Thompson purchased from the Maryville Furniture Company under a contract of conditional sale,

certain property. The contract was in writing, and the portion thereof material to the issue involved is as follows:

"Conditional sale. Maryville Furniture Company of the first part and T. B. Thompson of the second part agree as follows:

1 L. R. suit    $269.95

of the agreed value of $269.95 upon the following terms and conditions:

"First, said party of the second part is to pay the sum of —— dollars down, and $20—— cents each month commencing on the 3rd day of October, 1921, as rent for said property until the sum of $269.95 is paid—payments to be made at the store of the said Maryville Furniture Company, Maryville, Tennessee.

"Second, the title of said property is to remain and continue in said Maryville Furniture Company, until the value thereof as above stated is fully paid. When the full value of the property as agreed upon is paid, then the title will vest in the party of the second part."

It is also stipulated in the said agreement that the property so furnished was to be used and kept at the residence of the party of the second part and not to be removed therefrom without the written consent of the party of the first part; that said property was to be kept in good order and repair, and not to be abused, sold, mortgaged, pledged, or incumbered, and for any sale or breach of any of the stipulations of the agreement, the party of the first part might retake possession of the property. Default having been made by the purchaser in payments according to the terms of the contract, the seller, the Maryville Furniture Company, brought a replevin suit and obtained possession of the property from one Ed. F. Harper, with whom it had been stored; but the justice of the peace adjurged that the defendant Harper was entitled to the possession thereof on the ground that he had a lien on the property for his charges for storage, the amount claimed being about $100. Appeal was taken to the circuit court, and, pending the appeal, another action in replevin was instituted by J. E. Rowen, based on a chattel mortgage executed by the original purchaser T. B. Thompson to J. E. Rowen on May 16, 1922, describing therein, and warranting to be free from incumbrance, certain household goods, among them being this property described in said conditional sales contract as "1 L. R. suit." In said chattel mortgage it is described as "one living room (3 piece) suit, mahogany, with creton upholstering." Said chattel mortgage was given to secure the payment of a note of T. B. Thompson for $418, due in three equal installments, on the 20th days of July, August, and September, 1922. It was therein provided that, in the event of default in the payment of said debt, or any part thereof, or if any attempt be made to remove or dispose of said property,

or if at any time said mortgagee shall deem the said debt unsafe or unsecure, or whenever he shall choose so to do, he is hereby authorized, either by himself or agent, to enter upon the premises where the said property may be, and, without demand or performance, to remove and sell the same at public sale on five days' notice, etc. Said chattel mortgage was registered on May 16, 1922. The debt which said mortgage was given to secure is due and remains unpaid. The furniture replevined from the Maryville Furniture Company by J. E. Rowen is "one living room suit, 3 piece, mahogany, with creton upholstering, consisting of a davenette, one straight chair, and one rocking chair." There is no evidence that this furniture differs from many other articles of the same kind; that is, that there are any marks on these articles distinguishing them from all others of their kind.

The Maryville Furniture Company did not have a living room suit in Maryville of this kind, and it purchased this suit in Knoxville for the special purpose of selling it to T. B. Thompson. It is the same suit that was replevined by J. E. Rowen from the Maryville Furniture Company.

All testimony as to what the term "L. R. suit" means was excluded by the court upon proper objections. The two causes were heard before the circuit judge and a jury. In the suit brought by Rowen, the circuit judge upon motion instructed the jury to return a verdict for the plaintiff, which was done, and the court adjudged the possession of the property to the plaintiff Rowen. In the suit brought by Maryville Furniture Company v. Ed. F. Harper, the circuit judge upon motion directed the jury to find a verdict in favor of Harper, which was done, and the plaintiff was adjudged to be not entitled to the possession of the property; but it appearing to the court that, since the plaintiff Maryville Furniture Company instituted said action, J. E. Rowen had replevined the property from the plaintiff, the court did not order the plaintiff to return the property to Harper. The Maryville Furniture Company in each case entered a motion for a new trial, which was overruled, and it appealed in the nature of a writ of error to this court.

It is settled-law in Tennessee, with reference to a contract of conditional sale or a chattel mortgage, that the description given therein of the property must enable a person to take the instrument, and, from inquiries which the description itself indicates, to locate the property. Jones on Chattel Mortgages (2 Ed.), par. 54; Kenner v. Peters, 141 Tenn., 63, 206 S. W., 188. Chapter 15 of the Acts of 1899, Shannon's Code, section 3670-a1, provides that contracts of conditional sale shall be in writing instead of oral. The purpose of the statute was to forbid the making of such contracts by parol,

as had been previously permitted. It was not the purpose of the statute to alter in any wise the essential nature of the contract. Star Mfg. Co. v. Nordeman, 118 Tenn., 389, 100 S. W., 93. But, it being necessary to reduce such a contract to writing, it must conform to the requirement that it shall speak for itself as written, as to terms of sale and description of the property; and only such inquiries as the written description itself indicates will be permitted for the purpose of identifying the property. This is certainly true as to the rights of innocent third parties which have intervened as in these cases. If the description does not fulfill this requirement, then the purported title retained by the conditional seller does not prevail over the lien of the mortgagee who had no notice of the original contract of sale.

The defendant Maryville Furniture Company offered evidence to identify the property so sold by it to Thompson. Upon objection, this evidence was excluded. There is no assignment of error to this action of the court. However, the testimony so offered goes only to identify this property without the use of any aids to inquiry set forth in the contract.

In Kenner v. Peters, 141 Tenn., 55, 206 S. W., 188, it was held that a note purporting to retain title to the article sold as "one Chalmers 6 cyl. car" was insufficient to identify the property without resort to parol evidence, and therefore did not comply with the requirements of the aforesaid Act of 1899.

The court said:

"We cannot arrive at what the real agreement of the parties was at the time the notes were executed, from this instrument, without the consideration of parol testimony. This renders the instrument one in parol, and therefore not in compliance with the Act of 1899, requiring such instruments to be in writing. The statute provides that 'such retention of title' shall be illegal and invalid, unless 'evidenced' by the written contract or memorandum, executed at the time of the sale."

In Russell v. Clinton Motor Co., 147 Tenn., 58, 245 S. W., 529, 530, it was said that a description of an automobile as "one Briscoe automobile, motor No.——," contained in the sales contract and purchase-money notes, seemed scarcely sufficient under the holding in Kenner v. Peters.

It is impossible to interpret the words "one L. R. suit" without parol proof, and these words do not contain any aids to inquiry that would permit the introduction of evidence to explain them. For these reasons, and under the foregoing authorities, we are of the opinion that there is no error in the action of the trial judge in giving the peremptory instructions and rendering the judgments in these cases. The effect of these judgments is to give to Rowen

the possession of the property involved. The judgment of the court in each of these cases is affirmed. The costs of these appeals will be adjudged against the Maryville Furniture Company and the surety on its appeal bond.

All the Judges concur, except Clark, J., absent.