### BURROUGHS ADDING MACH. CO. v. ROBERTSON.

(Circuit Court of Appeals, Sixth Circuit. December 2, 1925.)

No. 4411.

1. **Sales** &#9901;460—**Retention of title in seller under conditional sale invalid, unless evidenced by written memorandum.**

A conditional sale in Tennessee, under Shannon's Code, § 3670a1, in so far as it stipulates for retention of title in seller, is invalid, unless evidenced by written contract or memorandum executed at time of sale.

2. **Sales** &#9901;461—**Description required for conditional sale analogous to one required under statute of frauds.**

Description required in memorandum of conditional sale, under Shannon's Code Tenn. § 3670a1, is analogous to description required by statute of frauds.

3. **Sales** &#9901;461—**Description deficient, if it does not permit designation of thing described to exclusion of all others.**

A description in conditional sales contract applicable to two or more things is deficient, under Shannon's Code Tenn. § 3670a1, though aided by admissible extrinsic evidence, if not such as would permit one to designate thing described to exclusion of all others.

4. **Sales** &#9901;461—**Description applying to number of machines held too indefinite.**

Conditional sales contract, describing article as Burroughs adding machine, with stand, secondhand, style 646–B, which would have covered other machines, is too indefinite, under Shannon's Code Tenn. § 3670a1, requiring entire contract to be in writing, and lack of certainty cannot be supplied by extrinsic evidence or stipulation of facts.

Appeal from the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Action by the Burroughs Adding Machine Company against F. M. Robertson, trustee in bankruptcy of N. Fardeecy, bankrupt. Judgment for defendant, and plaintiff appeals. Affirmed.

Earl King, of Memphis, Tenn. (Ewing, King & King, of Memphis, Tenn., on the brief), for appellant.

Joseph H. Norville, of Memphis, Tenn., for appellee.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. The subject of this controversy is a "Burroughs adding machine with stand, secondhand, style 646–B." It is claimed by appellant under a conditional sale contract retaining title in itself as seller, and by appellee as trustee of the bankrupt purchaser under the amendment of 1910 to the Bankruptcy Act (36 Stat. 838).

A statement of agreed facts was filed, identifying the machine and stand as having been sold to the bankrupt, and showing that the Machine Company had made and sold a number of others of the same type and style No. 646–B to various and sundry parties. The District Court held that the description in the contract was too indefinite to warrant reclamation, and that the stipulation as to identity did not cure the defect.

[1] A conditional sale in Tennessee, in so far as it stipulates for retention of title in the seller, is invalid, unless evidenced by a written contract or memorandum executed at the time of sale. Shannon's Code, § 3670a1. The statute applicable to such sales was partially construed in Kenner & Co. v. Peters, which involved the sale of "one six-cylinder Chalmers car." The court of first instance in that case denied reclamation, because "no such retention of title was shown for lack of description of the automobile, and because the clause in the notes which it is insisted constitutes said required written agreement was left blank as regards the thing to which title was intended to be retained." This ruling was reversed by the intermediate court, but the Supreme Court of the state, in 141 Tenn. 55, 206 S. W. 188, reinstated the judgment of the chancellor. It is not clear from the opinion as to what was in the mind of the court, or whether it intended to base its decision solely on the ground that the instrument was not a good conditional sales contract, because it "was left blank, as regards the thing to which title was intended to be retained." However, an indication is found in Russell v. Motor Co., 147 Tenn. 57, 245 S. W. 529, the only other case in which the statute has been before that court and in which the article sold was "One Briscoe automobile motor No. ———," where reference was made to the former case, and it was pointed out that the description of the car in the case under consideration "seems scarcely sufficient under the holding in Kenner & Co. v. Peters."

[2-4] By construction of the state court the statute is analogous to the statute of frauds in respect to the description required. A sufficient description of land under the statute of frauds is one "which on its face appears to refer to some definite tract, and which by the aid of parol proof can with reasonable certainty be applied to designate such tract." But "the descriptive terms employed, together with the parol proof, must be such as to point out and comprehend some special parcel of land to the exclusion of any other parcel of land." Case v. Brier Hill Collieries, 145 Tenn. 1, 235 S. W. 57. A description applicable to two or more things would be deficient, and similarly so, though aided by admissible extrinsic evidence, if not such as would permit one to designate and fasten upon the thing described to the exclusion of all others. In the stipulation of facts it was agreed that there were many machines and stands identical in appearance with the one involved in this case. Any one of them would necessarily come within the description in this contract, which was obviously too indefinite to meet the requirement that the entire contract be in writing. This lack of certainty, which readily could have been obviated by inserting the serial number in the sales contract, could not be supplied by extrinsic evidence or stipulation of fact.

Judgment affirmed.