## NATIONAL CASH REGISTER CO. v. MARKS.

(Circuit Court of Appeals, Sixth Circuit, June 10, 1926.)

No. 4524.

**1. Bankruptcy ☞212.**

In absence of construction of state statute, description which, when assisted by external evidence not varying terms of contract, enables third party to identify property, is sufficient in proceeding to reclaim property sold under title retaining contract.

**2. Sales ☞461.**

Description of cash register in title-retaining contract as No. 903 (3) X-E, mahogany finish, denomination keys, standard, for use on counter, *held* sufficient.

---

Petition to Revise and Appeal from the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

In the matter of the bankruptcy of the estate of the Hat Shops, Inc. Petition by the National Cash Register Company to reclaim a cash register sold to the bankrupt, opposed by Joseph Marks, trustee, was denied, and petitioner appeals and petitions to revise. Reversed.

F. C. Jacobs, of Memphis, Tenn., for appellant.

Ross A. Mathews and McKellar, Kyser & Allen, all of Memphis, Tenn., for appellee.

Before DENISON and MOORMAN, Circuit Judges, and COCHRAN, District Judge.

MOORMAN, Circuit Judge. This is a proceeding to revise an order of the District Court denying a petition to reclaim a cash register sold to the bankrupt, Hat Shops, Inc., under a contract retaining title in the seller until the purchase price was paid. The register was delivered to the purchaser in Tennessee, but was later taken to Alabama, where such contracts are valid if in writing and recorded in the county in which the party obtaining possession of the property resides. Before paying for the register, the Hat Shops, Inc., was adjudged a bankrupt in the District Court of Tennessee, and in that court the petition for reclamation was filed and denied.

The register carried a serial number. It was the only register in the possession of the bankrupt at the time of the adjudication, the only one sold to it by the petitioner, and there was stamped upon it before delivery the name, "Hat Shops, Inc." None of these identifying features was embraced in the contract. It appeared, however, that the petitioner manufactured a number of types or styles of machines, among them No. 903 (3) X-E, which was generally manufactured under special contract; that such machines were made in various wood finishes, mahogany being one of the finishes employed; that they were built, according to the purchaser's wishes, to stand on the floor or upon counters; and that some of them were equipped with standard and others with special keys. After the removal of the machine to Alabama, and within the time allowed by statute, the contract was registered in that state. It provided for the manufacture and sale of a "register No. 903 (3) X-E, mahogany finish, denomination keys, standard, for use on any counter."

No question is raised as to the application of the conditional sales statute of Alabama (Code 1923, §§ 6897–6899) to property not in existence at the time the contract is made. We pass the question, assuming, as was done in argument, that the statute applies. It is similar to the Conditional Sales Act of Tennessee (Thomp. Shan. Code, § 3666 et seq.) and it is contended by the trustee that, in the absence of a pronouncement by the Supreme Court of Alabama construing the statute of that state, Burroughs Co. v. Robertson (C. C. A.) 9 F.(2d) 619, must be followed. In that case we regarded Kenner & Co. v. Peter, 141 Tenn. 55, 206 S. W. 188, and Russell v. Motor Co., 147 Tenn. 57, 245 S. W. 529, as controlling. It was not necessary to comment on the logic of those cases, or to contrast them with other decisions presenting analogous questions of description; it was sufficient that they announced a construction of a state statute that denied reclamation on the ground that the description in the contract was not sufficient.

[1, 2] The Alabama statute, so far as we are informed, has not been construed by the courts of that state in a case of this kind. Hence we are constrained to the construction that is supported by the better authority and reason. The general rule is that a description, assisted by external evidence that does not add to or contradict the terms of the contract, which will enable a third party to identify the property, is sufficient. Ryan v. United States, 136 U. S. 68, 10 S. Ct. 913, 34 L. Ed. 447, Moayon v. Moayon, 114 Ky. 855, 72 S. W. 33, 60 L. R. A. 415, 102 Am. St. Rep. 303. An application of this rule might have led to a different conclusion in the Burroughs Case, had there not been an authoritative construction of the state statute by the Supreme Court of the state. We are confronted with no such controlling interpretation in this case, and the reason of the rule indicates sufficiency in the description.

Reversed.