## ELLIOTTE v. NATIONAL CASH REGISTER CO.*

(Circuit Court of Appeals, Sixth Circuit. December 9, 1926.)

No. 4602.

Sales ☞460—Where seller inserted number of machine in purchaser's order and note previously executed, retention of title contract was invalid under Tennessee statute (Shannon's Code, § 3670a1).

Where serial number of machine sold was inserted by seller in written order and note previously executed by purchaser, *held*, contract was not valid under Conditional Sales Act of Tennessee (Shannon's Code, § 3670a1), requiring written contract or memorandum to be "executed at the time of the sale."

Petition to Revise and Appeal from an Order of the District Court of the United States for the Western District of Tennessee; Harry B. Anderson, Judge.

In the matter of the bankruptcy of Lawrence Simmons, trading as the Highland Cash Market; C. H. Elliotte, trustee. On petition of trustee to revise, and on appeal by trustee from an order of the District Court in favor of the National Cash Register Company. Judgment reversed.

Keeble T. Herron, of Memphis, Tenn., for petitioner and appellant.

A. B. Knipmeyer, of Memphis, Tenn., for respondent and appellee.

Before DENISON and MOORMAN, Circuit Judges, and HOUGH, District Judge.

PER CURIAM. In its important features, with a single exception, this case is like Burroughs Adding Machine Co. v. Robertson (6 C. C. A.) 9 F.(2d) 619. The exception is that, after the contract of sale was made—that is, after the written order and note in payment for the machine were executed by the purchaser—the serial number of the machine was inserted by the seller into the order and note. This was held below to bring the contract within the Conditional Sales Act of Tennessee. That act (Shannon's Code, § 3670a1) provides that conditional sales of personal property shall be invalid unless evidenced by a written contract or memorandum "executed at the time of the sale." If we assume, though we do not so decide, that the sale that the statute contemplates should be considered as taking place when the machine is manufactured and delivered, still there is no proof to show that the number was supplied at or before that day, or "at the time of the sale." The contract does not, therefore, meet the requirements of the statute as it has been interpreted by the Supreme Court of Tennessee.

Judgment reversed.

*Rehearing denied March 18, 1927.