## J. P. OWEN v. GEORGE COLE MOTOR COMPANY.*

## (*Nashville.*　December　Term,　1926.)

Opinion filed, March 26, 1927.

1. REGISTERED CHATTEL MORTGAGE. Lien for repairs. Priority.

The lien of a registered mortgage upon personalty is superior to the common-law lien of an artisan for repairs thereupon. (Post, p. 255.)

Citing: McGehee v. Edwards, 87 Tenn., 506; Robinson Bros. Motor Co. v. Knight, ante, p. ――, 154 Tenn., 631, 288 S. W., 735.

2. CONDITIONAL SALE. Retention of title in writing.　Description.

Upon a sale of personalty and retention of title in writing to be effective must contain a sufficient description of property. (Post, p. 252.)

Citing: Kenner & Co. v. Peters, 141 Tenn., 55.

3. SAME.　Sufficiency of description of an indebtedness.　Parol evidence.

In cases free from fraud, where the language does not tend to deceive or mislead, as to the nature or amount of the debt, and where the description is enough to direct attention to sources of accurate and complete information as to the debt, a misdescription of the debt may be corrected and an imperfect description completed by parol evidence, and the mortgage held a good security for the real debt intended to be protected. (Post, p. 254.)

Citing: Shannon's Code, 3706; Hunt v. Currey, 153 Tenn., 11, 24;

---

*As to sufficient of description of property covered by chattel mortgage, see annotation in 23 L. R. A., 458; 5 R. C. L., 422; 6 R. C. L. Supp., 302.

On admissibility of parol evidence to correct description in chattel mortgage, see annotation in 23 L. R. A., 461; 5 R. C. L., 429; 6 R. C. L. Supp., 302.

Bumpass v. Dotson, 26 Tenn. (7 Humph.), 310; Neuffer, Hendrix Co., 2 Pardue, 35 Tenn. (3 Sneed), 191; Sanford v. Andrews, 59 Tenn. (12 Heisk.), 664; Dry Goods Co. v. Hill, 135 Tenn., 60; Fitzpatrick v. School Commissioners, 26 Tenn. (7 Humph.), 224; 11 C. J. 474.

4. **DEBT. Evidence. Promissory note.**

An ordinary promissory note is valid as on evidence of an indebtedness, and may be treated as such. (Post, p. 253.)

---

*Headnotes 1. Sales, 35 Cyc., p. 663; 2. Bills and Notes, 8 C. J., section 224 (Anno); 3 Chattel Mortgages, 11 C. J., section 78; 4. Chattel Mortgages, 11 C. J., section 105 (Anno); 5 Chattel Mortgages, 11 C. J., section 105; 6. Bailments, 6 C. J., section 90; Motor Vehicles, 28 Cyc., p. 43 (Anno).

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.— HON. E. F. LANGFORD, Judge.

JAS. H. FRAZIER, for Owen.

LEVINE & LEVINE and DAVID HIMMELSTEIN, for Cole Motor Co.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

On September 2, 1925, R. E. Blankenship executed his note to plaintiff J. P. Owen for $176.50, payable in four months, "for one Ford car & J. P. Owen holds right and title of said car until this note is paid in full."

On the same day Blankenship executed to J. P. Owen a mortgage on certain property in the seventh civil dis-

trict of Dickson County, Tennessee, described as "My entire crop of corn containing about twenty acres located on Harpeth River, and one Ford touring car 1923 model, Motor No. 713428." It was recited that the mortgage was given "to secure a note that I have this day executed to J. P. Owen."

Both these parties resided in Dickson County, Tennessee, and the mortgage was duly recorded in the register's office of that county.

A few weeks later Blankenship undertook to drive the car to Nashville and met with an accident in which the car was damaged. It was turned over to the defendant, George Cole Motor Company, for repairs. The bill for repairs has not been paid and the defendant is holding said car, asserting a common-law lien thereupon, to secure its charges. The plaintiff brought a replevin suit to recover possession of the machine, which was dismissed by the circuit judge. The case was tried on a stipulation of facts and an appeal in error was taken directly to this court. The effort to retain title to the automobile in the note was ineffective, since there was no sufficient description of the property. *Kenner & Co.* v. *Peters,* 141 Tenn., 55. The note, however, is valid as an evidence of indebtedness—an ordinary promissory note— and may be treated as such.

The mortgage, as above stated, was recorded in the county where the mortgagor resided, as required by Thompson's-Shannon's Code, Section 3706. The automobile was sufficiently described in the mortgage, the Motor number being given, which is the usual method of identifying such property. The trial judge, however, was of opinion that the description of the indebtedness sought to be secured was insufficient, and denied the prior lien asserted by reason of this recorded instrument.

We think the court below was mistaken in this conclusion. The indebtedness was described by the mortgagor as "a note I have this day executed to J. P. Owen." The amount and maturity of the note were not stated.

In the late case of *Hunt* v. *Curry*, 153 Tenn., 11, 24, we said:

"Literal exactness in describing the indebtedness secured by a mortgage or trust deed is not required. It is enough if the description is correct as far as it goes and full enough to call attention to sources of accurate and complete information, and the language employed is not calculated to deceive or mislead as to the nature or amount of the debt."

In *Bumpas* v. *Dotson*, 26 Tenn. (7 Humph.), 310, there was a mortgage to indemnity a guardian's surety against liability on a bond, which liability was said to be about $2,000. It turned out that the guardian's indebtedness to his ward was only half that sum but the mortgage was held a valid security, as against the guardian's creditors, for the liability existing.

In *Neuffer, Hendrix & Co.* v. *Pardue*, 35 Tenn. (3 Sneed), 191, the mortgage recited an indebtedness of $2,500. As a matter of fact only $304 was due from the mortgagor to the mortgagee at the time, but it was intended by the parties that further credits should be extended to the mortgagor to bring the whole indebtedness up to the amount stated. The mortgage was held good, against the mortgagor's creditors, as to the sum actually due at the date of the instrument.

In *Sanford* v. *Andrews*, 59 Tenn. (12 Heisk.), 664, the mortgage was given to secure certain notes, described from memory as one for $100 due in 1837; one, date not

remembered, for $160; and one due in 1861 for $60. The notes actually held by the mortgagee were one due October 26, 1837, for $106; one due February 19, 1945, for $160; and one due December 19, 1841, for $100. The defective description was supplied by parol evidence and the mortgage was held a good security for the true amount due on the notes.

*Dry Goods Co.* v. *Hill,* 135 Tenn., 60, and *Fitzpatrick* v. *School Commissioners,* 26 Tenn. (7 Humph.), 224, while in accord with the foregoing cases, involved controversies between the immediate parties to the instruments as to the adequacy of the descriptions of the debts, and probably less accuracy in describing the debt is required where the parties to the mortgage alone are involved.

Some of the cases mentioned deal with mortgages of real estate and some with mortgages of personalty, but the rules with reference to the sufficiency of description of the indebtedness are the same in both classes of cases. 11 C. J., 474.

It should be added that in none of the cases referred to was there any actual fraud and it is agreed that there is no actual fraud in the case before us.

It appears, therefore, from our decisions that, in a case free from fraud, where the language used does not tend to deceive or mislead as to the nature or amount of the debt, and where the description is enough to direct attention to sources of accurate and complete information as to the debt, a misdescription of the debt may be corrected and an imperfect description completed by parol evidence, and the mortgage held a good security for the real debt intended to be protected. This case seems to us to fall under these authorities.

In harmony with previous adjudications of this court, we hold that the lien of a registered mortgage upon personalty is superior to the common-law lien of an artisan for repairs thereupon. *McGhee* v. *Edwards,* 87 Tenn., 506; *Robinson Bros. Motor Co.* v. *Knight,* 154 Tenn. 631, 288 S. W., 725.

Reversed and judgment here for the plaintiff.