C. C. Moore *et al.*, *v.* I. L. Bridges.

(*Knoxville*, September Term, 1930.)

Opinion filed November 28, 1930.

E. S. ABERNATHY, for plaintiff in error.

TILLETT & WEATHERFORD, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

In 1929 C. E. Doster moved his residence from Chattanooga to Atlanta, Georgia, and left a portion of his household goods in the apartment at Chattanooga formerly occupied by him.

C. C. Moore, the proprietor of the apartment, claiming a balance of $150 due from Doster for rent of the apartment, sued out an original attachment and had it levied on the goods in the apartment at Chattanooga.

I. L. Bridges, claiming a balance of $124.70 on the original purchase price of $572.12 for household goods sold Doster under a conditional sales contract dated December 12, 1926, brought this action of replevin to recover the goods attached by Moore.

The controversy is between defendant in error Bridges, the conditional vendor, and plaintiff in error Moore, Doster's attaching creditor, each claiming right of possession to the goods involved.

It was conceded in the trial court that the description of the goods shown in the contract between Doster and Bridges dated December 12, 1926, was insufficient under chapter 15, Acts of 1899. *Kenner* v. *Peters,* 141 Tenn.,

61; *Owen* v. *Cole Motor Co.*, 155 Tenn., 250. But defendant in error insisted that under chapter 31, Acts of 1927, parol evidence was admissible to identify the goods covered by Bridges' conditional sales contract. The trial judge held that parol evidence was admissible on behalf of Bridges to aid in identifying the goods and finding for the conditional vendor Bridges rendered judgment as in detinue for the value.

The appeal was carried to the Court of Appeals where plaintiff in error, referring to Article I, Section 8 of the Constitution, insisted that the action of the trial judge, in so construing the Act of 1927, was equivalent to holding that the legislature had divested title out of Doster and vested it in Bridges contrary to the forbidding constitutional provision referred to. While the constitutional question presented was such as might authorize the transfer to this court on the jurisdictional ground stated in the opinion of the Court of Appeals, that question is not controlling.

Chapter 31, Acts of 1927, did not obviate the requirement of chapter 15, Acts of 1899, that the conditional sales contract be in writing and describe the property as required by our cases of *Kenner* v. *Peters* and *Owen* v. *Cole Motor Co.* The latter Act requires that the seller include in the written contract a description as complete as the nature of the property may permit, and when that is done then parol evidence may be heard to particularize and identify the property so described.

The Act of 1927 does not authorize the seller to stop short of the description unless the property is of such nature that it could not be definitely described. The seller could not, under a contract of sale of horses, describe them as twenty horses and thereafter single out one or

more of the lot by parol evidence, or one lot of Ford cars and particularize and identify one or more of the cars as coming within a contract reserving title to the lot of cars, because such a description is not as complete as the nature of the property would permit.

The goods mentioned in the conditional sales contract under which defendant in error claims are described as follows:

"1 5 pic. L. Suit 108        1 8 pic. D. R. Suit 131
1 5 pic. B. R. Suit 139.00   1 94 spring 7.00
1 Mattress 10.00             1 94 spring 6.00
1 Bed 9.00                   1 45 C. mattress 9.00
2 9x12 art squares 102.00    1 27x54 rug 5.95
1 lamp 4.95 1 mirror 4.50    1 smoker 4.50
1 6x9 Cong. Sq. 6.00         1 table 6.00
11 3x7 shds. 16.50           3 27x5 shds. 3.75."

The goods are described in the replevin writ as follows: 1 reed davenport; 2 reed rockers; 1 reed desk; 1 reed chair; 1 walnut-finished buffet; 1 walnut-finished dining table; 6 walnut-finished diners; 2 polychrome mirrors, and 19x12 velvet square.

Reference to the two descriptions disclose no similarity in the articles sold and the articles claimed by the defendant in error. His claim to possession of the goods described in the writ rests altogether upon parol evidence which, as stated, is only admissible where the written contract contains as complete a description as the nature of the goods will permit. Where the description in the conditional sales contract is general, vague or indefinite, affording no suggestion of the course of inquiry that might lead to information concerning the identity,

such evidence is not admissible to set up the contract. *Tokheim Tank & Oil Co.* v. *Fentress,* 65 A. L. R., 710, and annotations.

It follows, therefore, that the action of the trial judge in admitting the parol evidence was erroneous.

Reversed and dismissed at the costs of the defendant in error.