## In re ROBINSON–McGILL MFG CO., Inc.

## VIKING EQUIPMENT CO. v. PHILLIPS.

### No. 6395.

Circuit Court of Appeals, Sixth Circuit.

April 13, 1934.

* The late Judge HICKENLOOPER concurred in the conclusion above reached but died before the opinion was prepared.

Joseph Higgins, of Nashville, Tenn. (Zach Carney, of Shelbyville, Tenn., on the brief), for appellant.

Fyke Farmer, of Nashville, Tenn. (Coldwell & Nance and B. D. Kingree, all of Shelbyville, Tenn., and Bass, Berry & Sims, of Nashville, Tenn., on the brief), for appellee.

Before HICKS and SIMONS, Circuit Judges, and WEST, District Judge.

HICKS, Circuit Judge.

Prior to its bankruptcy, Robinson-McGill Manufacturing Company, Inc., on October 19, 1928, contracted with Crawford & Slaten Company for the installation of an automatic sprinkler system, referred to as "Equipment," in one of the buildings of its knitting mill at Shelbyville, Tenn. The contract price was $3,750.00, $625.00 of which was to be paid upon the completion of the work, and the remainder in five equal annual installments evidenced by promissory notes.

At the time of adjudication the bankrupt owed a balance of $3,125, and to obtain payment, petitioner sought to repossess the equipment by reclamation. It based its claim upon the following provision of the contract, to wit:

"5. The Equipment and the materials therefor before, during and after the installation shall be and remain the property of the Contractor, and shall remain and be considered as personal property and not part of the realty, until the title thereto is acquired by the Owner, as herein provided. * * *"

"8. Upon failure of the Owner to make any of the payments as and when they may become due under the provisions of this

agreement, or fully to comply with all the terms and covenants of this agreement on its part to be kept and performed, or upon breach of any warranty herein, the Contractor may exercise any one or more or all of the following rights:

"(a) Enter the above described premises and remove the Equipment or any part or parts thereof; * * *"

Petitioner proceeded upon the theory that the contract was one of conditional sale with title retained; and that to enforce the claim it was not only authorized by the agreement to remove the equipment but in fact was required to do so by section 3666 of Shannon's Code of Tennessee (1932 Code, § 7287). The referee adopted the view that the agreement was intended as a conditional sale, title retained, but dismissed the petition upon the ground that the writing did not adequately describe the property sought to be recovered as required by chapter 15 of the Acts of the General Assembly of 1899, Shannon's Code, § 3670a1 (1932 Code. § 7286), and ruled that it was thereforU invalid. He was governed by the cases of Kenner & Co. v. Peters, 141 Tenn. · 61, 206 S. W. 188; Owen v. Motor Co., 155 Tenn. 250, 292 S. W. 1, and Moore v. Bridges, 161 Tenn. 422, 33 S.W.(2d) 89.

We do not regard these cases as controlling.

█ The statute in question does not undertake to direct how property shall be described. It goes no further than to require that where title is retained to secure the payment of purchase money such retention shall be evidenced by written contract or memorandum and that the description be sufficient to identify the property conditionally sold as that to which title is retained. The property here involved is described in the contract as an automatic sprinkler system, called "Equipment," situated in the knitting mill of the bankrupt at 827-828-829 South Spring Street, Shelbyville, Tenn. This definitely locates it and we think that no other sprinkler system could be mistaken for it. See Stoll v. Schneider, 158 Tenn. 341, 344, 13 S.W.(2d) 325.

Upon a review of the referee's order the judge correctly disregarded the objection that the equipment was insufficiently described and held, other questions to one side, that petitioner would be entitled to reclaim all of the system which it actually furnished. He concluded, however, that because certain minor portions of the equipment furnished by the bankrupt had become so intermingled with that furnished by petitioner to which title was retained it was impossible to identify the latter and hence was constrained to dismiss the petition.

█ It is true that the bankrupt supplied certain pipes, sprinkler heads and valves worth about $150 under a provision of the contract requiring it to furnish what might become necessary by reason of interior changes or additions to the building not contemplated in the original plans and specifications, and that these parts were made a part of the system, but the addition of these extras did not in our opinion destroy the identity of the system as it was evidenced by these writings. It occurs to us that they may be identified and detached from the system as readily as they were added to it.

It is true that the record is silent as to the particular material and articles furnished by the bankrupt but we think that they could have been ascertained upon a re-reference (Bankr. Act § 2, cl. 10, 11 USCA § 11 (10) and that the equities of the case require this course to be followed to the end that petitioner may reclaim that portion of the equipment to which it retained title. The weight of the evidence is that it may be removed without serious injury to the freehold.

█ The trustee objects upon the theory that when the system was installed it lost its identity as a chattel and became a part of the real estate belonging to the bankrupt and that he (the trustee) had a lien thereon by virtue of section 47a(2) of the Bankruptcy Act (11 USCA § 75 (a) (2), which vested him "with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings. * * *"

There is some justification for such a theory upon the authority of Bank & Trust Co. v. Fred W. Wolf Co., 114 Tenn. 255, 86 S. W. 310, and Savage & Co. v. Mayfield, 157 Tenn. 676, 11 S.W.(2d) 855; and the trial judge seems to have so concluded, finding that the system was installed for the purpose of protecting the property and reducing the insurance and not in aid of the bankrupt's business. But, even so, we cannot regard the claim of the trustee as superior to that of petitioner. The trustee was not in the position of an innocent purchaser or mortgagee as in those cases. In re St. Marks Hospital, etc., 59 F.(2d) 1001, 1003 (C. C. A. 2); In re I. S. Remson Mfg. Co., 232 F. 594, 596 (C. C. A. 2). It is uncontroverted that petitioner's contract partook of the nature of a lien upon the equipment to secure the purchase price (McDonald Automobile

Co. v. Bicknell, 129 Tenn. 493, 167 S. W. 108, Ann. Cas. 1916A, 265; Johnson v. Martin Furniture Co., 139 Tenn. 580, 202 S. W. 916) and under the law of Tennessee this lien was good without registration as against creditors. The law does not permit the bankrupt to discharge petitioner's lien by annexing the equipment to the freehold. As was said in Holt v. Henley, 232 U. S. 637, at page 641, 34 S. Ct. 459, 460, 58 L. Ed. 767: "To hold that the mere fact of annexing the system to the freehold overrode the agreement that it should remain personalty and still belong to Holt would be to give a mystic importance to attachment by bolts and screws." See, also, In re St. Marks Hospital, etc., supra. The rights and interests of the bankrupt were limited by his contract and the trustee's lien being no greater than a creditor's attaches to nothing more.

The decree of the District Court is reversed, and the case remanded, with directions as hereinabove indicated.