THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



November 5, 1956

Hon. Hubert W. Green, Jr.          Opinion No. S-219
Criminal District Attorney
Bexar County                       Re: Transfer of Road District
San Antonio, Texas                     bond proceeds from a farm-
                                       to-market allocation to a
                                       state and federal right-of-
Dear Sir:                              way allocation.

Your request for an opinion on the following question has been
received by this office.  We quote from your letter of October
12, 1956, as follows:

> "Our County Road Engineer has requested that
> we obtain from you an opinion as to whether
> or not the sum of $40,000.00, the proceeds of
> a bond issue, can be transferred from the bal-
> ance of a $203,000.00 allocation for farm-to-
> market roads and highways to a depleted fund
> allocated for the purpose of acquiring rights-
> of-way for new and existing state and federal
> highways within Road District No. 1 of Bexar
> County, Texas."

The order entered by the Commissioners' Court of Bexar County
on August 28, 1953, the same day on which the road bond elec-
tion, under Section 52 of Article 3, of the Constitution, for
Road District No. 1, was ordered, and which set out certain
particulars in connection with the expenditure of the bond
funds in the event they were approved, controls the use of the
proceeds of the bond issue.  Black v. Strength, 112 Tex. 188,
246 S.W. 79; Mosel v. Real, 49 S.W.2d 475 (Tex.Civ.App., 1932),
writ refused; Sterrett v. Bell, 240 S.W. 2d 516 (Tex.Civ.App.,
1951), no writ history.

Sections (2) (a), (2) (b), and (2) (c) designate the purposes
for which the bond proceeds are to be used.  Sections (3)(a),
(3)(b), and (3)(c) allocate $1,600,000.00 of such funds as fol-
lows:  Approximately $1,107,000.00 for the acquiring of rights-
of-way for new or existing state and federal highways; approxi-
mately $203,000.00 for the acquiring of rights-of-way for new
or existing farm-to-market roads or highways; and approxi-
mately $290,000.00 to be contributed to the State Highway

Commission to assist in the construction or reconstruction of new farm-to-market highways or roads. Sections (3)(a), (3)(b), and (3)(c) are followed immediately by two paragraphs which further define the duties of the commissioners' court in connection with these expenditures. The first of these two paragraphs provides that none of the purposes above set out shall have priority over the others, and the next paragraph reads as follows:

> "If this Court finds that it is not necessary or desirable to use any of the funds above allocated for the purposes for which such funds are allocated, such funds may be used for any of the other purposes hereinabove set forth; but none of such funds shall ever be used for any project which is not consistent with the overall long term planning of the State Highway Department for state and federal highways and farm-to-market highways or roads."

It is the opinion of this office that the paragraph last quoted above reserves limited discretion in the Commissioners' Court of Bexar County in the expenditure of the funds allocated under Section (3) of said order. If the commissioners' court finds that it is no longer necessary or desirable to use any of the funds allocated for any one of the purposes set out, it may use such funds for one or both of the other purposes as long as such use is "consistent with the overall long term planning of the State Highway Department for state and federal highways and farm-to-market highways or roads." Murray v. Wilkinson, 32 S.W. 2d 863 (Tex.Civ.App., 1930) no writ history; Quisenberry, et al v. Mitchell, et al., 116 Tex. 378, 292 S.W. 160 (Tex.Com.App., 1927), adopted.

It is further significant that this reservation of authority in the Commissioners' Court was not provided in connection with the expenditure of the remaining $350,000.00 of such funds.

This opinion has no application to farm-to market highway moneys derived from the taxes levied and collected pursuant to Section 1a of Article VIII of the Constitution of Texas and Article 7048a of Vernon's Civil Statutes, because such moneys can not be used for the acquisition of rights-of way for State designated highways, but can only be used for the construction of a public road

Hon. Hubert W. Green, Jr., page 3(S-219)

of the county leading either directly or indirectly from a farm to market.  Attorney General's Opinion V-1169 (1951).

The commissioners' court may transfer Road District bond proceeds voted under Section 52, of Article 3, of the Constitution of Texas, from a farm-to-market allocation to an allocation for acquiring rights-of-way for state and federal highways as provided by the wording of the order of allocation passed on the same day as, and supplementing, the order of election.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Frank Pinedo
Frank Pinedo
Assistant

APPROVED:

Elbert M. Morrow
Bond Division

John Reeves
Reviewer

W. V. Geppert
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General