McFarland, J.,
delivered tlie opinion of the court.
This is an attachment bill in which the complainant charges that the defendants, Brown & Dillon, are justly indebted to him in an amount stated, and that they are absconding and removing their property from the county privately, etc., upon which grounds an attachment against their property is prayed for. The bill further charges “that Geo. E. Glass, as trustee, holds a mortgage or deed of trust on seventeen horses, three mules, eight wagons, carts, shovels, scrapers, spades, and tools of various kinds, executed by Brown & Dillon to secure L. M. Caldwell and J. W. Hays for supplies, not to exceed $2,000, which was registered the eighth day of May, 1873. . . . He charges that said deed of trust is fraudulent and void in law and fact on its face; and he charges that the debts it was intended to secure have been paid, and that it is void for insufficiency and uncertainty.” The bill then further charges, in substance, that in any event it will not require all of said property to pay the debts secured by the deed of trust. He prays that the property be attached and the deed of trust set aside, or if not entitled to this relief, that he have the surplus after satisfying the trust debts. An attachment issued, specially directing the attachment of the trust property. The return of the sheriff shows that he attached property answering the general description of the trust property, and other property besides not designated in the deed of trust. There was judgment pro confesso against Brown & Dillon, but Caldwell & Hays, and the trustee, Glass, answered, denying the fraud and showing the amount of tlie trust debt due. The cause was heard upon the bill, judgment pro confesso against Brown & Dillon, the answer of Caldwell & Hays, and Glass, and the deed of trust without other evidence.
The chancellor decreed that the deed of trust was valid, and that Caldwell & Hays were entitled to priority over *641 all other creditors, “in the fund realized from the sale under said deed of trust by George E. Glass, trustee.”
The cause was referred to the clerk to report, “the amount of money realized by Geo. E. Glass, trustee, from sale of property by him under said deed of trust.”
2. The amount of the indebtedness of Brown & Dillon to Caldwell & Hays.
3. The amount of the indebtedness of Brown & Dillon to John Atwood, the complainant.
4. The cash expenses of the trust.
Erom this decree the complainant has appealed.
The argument for reversal has been principally upon the ground that the deed of trust is void for uncertainty in the description of the property conveyed. The description in the deed is as follows: “Seventeen head of horses and three mules, eight wagons complete, six carts and harness complete, eighteen scrapers and attachments.” There is nothing showing where the property was situated, or •other reference going to identify it-.
Our first inclination was to hold this deed void for want of a sufficient description to identify it from other articles of a similar character that the makers of the deed may have owned. Eor if the makers of the deed at the time owned more than seventeen horses, and more than three mules, it would be impossible to tell from the general description, without more, which particular seventeen horses or three mules passed by the conveyance. But the authorities seem to establish a different conclusion, and to allow parol testimony to .aid the defective description. Very general descriptions have been held sufficient. In Barker v. Wheelip, 5 Hum., 329, the description of the stock conveyed was “about twenty-five head of horses, six mules, one hundred .and fifty head of sheep, forty head of cattle, including oxen, and two hundred head of hogs.” Eour of the horses claimed to have been conveyed in this deed having been *642 converted by the defendant, an action of trover was brought and proof was offered on the trial to show that the maker of the deed had at the time but seventeen horses, and that the four in dispute were part of them. The circuit judge rejected the testimony, but this court reversed his ruling, Judge Turley saying: “The design obviously was to convey ail the horses he had, and parol proof must always become necessary in such cases, and to refuse it must invariably defeat sales of personal property of this kind when it is not delivered at the time of the sale, as it will be found impracticable to give such description of it as to obviate the necessity of introducing parol proof to show that the property sued for is the same thus conveyed.”
The difficulty that would arise in a case where the deed conveys a number of horses without describing them, so as to identify them from his other horses, might also arise, even though they be described by their color, or such other description as they are susceptible of, for it might even then happen that the bargainor owned other horses of like description, and parol proof would be necessary in either case.
The authorities as quoted in Hilliard on Mortgages, vol. 2, p. 374 et seq., and Burrill on Assignments, p. 262, show that the tendency of the decisions has been to uphold such conveyances.
It is said “any description'which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates, will be sufficient.”
In one case it was held that a mortgage of a specific number of articles of a particular kind in a house in which arc1 other like articles of the mortgagor, gives to the mortgagee the right of selection.
in another case it was held that if a mortgagor had a loss number of articles than the number conveyed, that the conveyance would pass all he had; if he had a greater number, then it would be void for uncertainty.
*643 In the present case there is no issue of fact as to whether Brown & Dillon owned at the time other property of the description conveyed; whether he had more than seventeen horses or three mules, or more than the number of other articles conveyed. The return of the officer on the attachment is no evidence of what property was owned by said parties at the date of the deed of trust; nor is it averred that the property in controversy was not, in fact, the property conveyed. There is no proof on the subject. We infer from the decree that there has been a sale by the trustee. The decree of the chancellor is in general terms that the deed of trust gave to Caldwell & Hays a lien on the fund realized by Glass from a sale of the property under the deed. Whether he has sold the same or different property has.not been shown. There is at least no- error on the face of the decree, unless we hold, as argued, that the deed is void on its face. But we hold that it is not. While it may be looked to as evidence of fraud, yet parol proof may be heard to show that the property in controversy was the property conveyed as in the case of Barker v. Wheelip.
We think there is no fraud in this deed, and the provision for future advances was not objectionable, if free from fraud.. See IVIcGavock v. Deery, 1 Cold., 265.
Affirm the decree with costs, and remand the cause xo be proceeded with.