L. E. SHEETS, Appellee, v. ALICE M. POFF, et al., Defendants, MARIE F. HOLLOWAY, Appellant.

**Chattel Mortgages:** PRIORITY OF CLAIMS. Under Code, section 2906, the rights of a chattel mortgagee without notice of a prior unrecorded mortgage are superior to those of the holder of the prior mortgage, although possession thereunder was taken before the subsequent mortgage was recorded; and the claim of the prior mortgagee will not be given preference on the ground that he was a creditor of the mortgagee.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

THURSDAY, MAY 5, 1904.

ON October 20, 1902, defendant Poff purchased of plaintiff an Estey piano, and executed and delivered to him a mortgage on the property to secure the future payment of the entire purchase price. The piano was on that day delivered to Mrs. Poff, but plaintiff did not procure his mortgage to be recorded. On October 27, 1902, said defendant Poff executed and delivered to defendant Marie F. Holloway a further mortgage on said piano to secure repayment of a loan on that day made in the sum of $250. It is conceded that at the time thereof Mrs. Holloway had no actual notice of the mortgage given to plaintiff. On October 30, 1902, defendant Poff absconded, leaving the piano at the place where she had resided, and leaving the respective items of mortgage indebtedness wholly unpaid. Plaintiff claims to have taken possession of the piano under his mortgage on Saturday evening, October 30th. He did not remove it from the place where it had been left by Mrs. Poff, however, and on Monday morning following defendant Holloway filed her mortgage for record, and at once took actual possession of the piano, and has since continued in such possession. This action was brought by plaintiff to foreclose his mort-

gage. The defendant Holloway answered, asserting that the lien of her mortgage was superior to the lien claimed by plaintiff, and asking a decree of foreclosure. No service was had on defendant Poff, and the cause proceeded to trial between the contending mortgagees. There was a decree in favor of plaintiff, and the defendant appeals.—*Reversed.*

*F. L. Anderson* for appellant.

*Voris & Haas* for appellee.

BISHOP, J.—Appellant rests her contention upon the provisions of section 2906 of the Code, which is as follows: "No sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless a written instrument conveying the same is executed and acknowledged, like conveyances of real estate, and filed for record with the recorder of the county where the holder of the property resides." The force of this provision of the statute is not denied by appellee, but it is his contention that the same cannot be given application to the case here made, in view of the fact that possession of the property was taken by him before notice, either actual or constructive, of the mortgage held by appellant, and that at the time the latter obtained possession of the property she had actual notice of the prior mortgage. The propositions of fact thus involved are controverted in the evidence, but we think it may be conceded for the purpose of the case that the record makes it appear that plaintiff did obtain possession of the piano on the evening of October 30th, and that the same was thereafter held by the person in charge of the premises as his bailee; also that when defendant obtained possession through an officer on Monday morning she had actual notice of the mortgage claim of plaintiff. Taking this to be the situation, the field of inquiry is narrowed down to this: What effect is to be given to the failure of defendant to record her mortgage until after plaintiff had taken

possession of the property under his unrecorded mortgage? We think the plain reading of the statute, viewed in the light of the evident purpose thereof, admits of but one conclusion; that the failure to record was without effect as bearing upon the respective rights of the mortgagees. The statute says that an unrecorded mortgage of chattels shall be held invalid as against subsequent purchasers without notice. And it has been uniformly held that a subsequent mortgagee is a purchaser within the meaning of the statute. Without doubt, therefore, Mrs. Holloway had the right to rely upon the fact that the record disclosed no incumbrance on the property when she took her mortgage, and as to all pre-existing liens or claims her status as a superior lienholder became fixed upon the delivery to her of such mortgage. The rights thus acquired by her could not thereafter be destroyed by any act of the plaintiff, assuming to proceed under authority of his unrecorded mortgage. As to him no notice of the subsequent mortgage, either actual or constructive, was required, as in no sense could he be prejudiced by want of notice. It is subsequent purchasers or mortgagees that may be heard to complain of a failure to give notice, and hence, by her failure to record her mortgage, the defendant took chances only on some subsequent disposition of the property by the owner thereof still remaining in possession. The precise point does not seem to have been made in this court before. In other states, however, having statutes similar to ours, the holdings are in full accord with the conclusion reached by us as above stated. *Bank v. Ellis,* 30 Minn. 270; *De Courcey v. Collins,* 21 N. J. Eq. 357; *Witherbee v. Taft* (Sup.) 64 N. Y. Supp. 347.

It is argued on behalf of appellee that, inasmuch as he was a creditor of defendant Poff, and as he took possession before notice of the Holloway mortgage, the decree awarding to him a superior claim upon the property should be sustained. We have no need to determine what would have been the effect had plaintiff, as a simple creditor of Mrs. Poff, invoked the process of the court, and procured the property

to be levied upon before receiving notice of the Holloway mortgage. Suffice it to say that he did not elect to so proceed, but, on the contrary, he took possession of the piano under his mortgage and his claim for relief in this action is predicated entirely upon his rights as a mortgagee of the property. As he makes no claim except under his mortgage, and as such mortgage became subordinate to the second mortgage by force of the statute, he must be content with accepting what is left after the second mortgage has been satisfied.

For the reasons pointed out, the decree of the trial court must be and it is REVERSED.