OSCAR SWAYNE, Appellant, v. JOHN E. TILLOTSON and E. H. JONES, Appellees.

**Conditional sales:** MORTGAGES: PRIORITY OF LIENS. The seller of personal property under an unrecorded contract of conditional sale can not, by a seizure of the property for nonpayment prior to the recording of a mortgage given by the purchaser upon the property, put himself in the position of a subsequent purchaser without notice.

**Chattel mortgages:** DESCRIPTION OF PROPERTY. The description of the property involved in this action as, "one Schiller piano," is held to have sufficiently identified the property as against the seller who had not recorded his contract of sale, since he was not a subsequent purchaser without notice.

**Same:** EXTRINSIC EVIDENCE. As between the parties, except attaching creditors or subsequent purchasers without notice, the description in a chattel mortgage may be aided by extrinsic evidence.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

TUESDAY, SEPTEMBER 27, 1910.

THE *opinion* states the case.—*Reversed.*

*J. A. Dyer*, for appellant.

*Dudley & Coffin*, for appellees.

WEAVER, J.—In the year 1901 the defendant Jones delivered to the defendant Tillotson a Schiller piano, under a contract of conditional sale which described the

instrument by its style and number, and provided that the title should remain in the seller until the price was fully paid. Only a small portion of the agreed price was ever paid. The contract was never recorded. In the year 1906 Tillotson borrowed money from the plaintiff, Swayne, and to secure its repayment gave him a chattel mortgage upon property described as one Schiller piano without other description or designation. This mortgage was not recorded until March, 1907, and after Jones, acting under the conditional contract of sale, had retaken the piano. The description of the piano in the mortgage was too general and indefinite to impart constructive notice to any one of the identity of the property sought to be covered thereby, and neither Swayne nor Jones had any actual notice of the other's claim to or upon the property until after the latter had repossessed himself thereof. This action is brought to determine the priority of right between these two claimants.

The case seems to be governed by *Sheets v. Poff,* 123 Iowa, 714. There Sheets sold a piano to Poff taking a chattel mortgage to secure deferred payments, but

1. CONDITIONAL SALES: mortgages: priority of liens.

the mortgage was not recorded. In this situation Poff gave another mortgage to Hollaway. Later, and before the latter mortgage was recorded, Poff absconded, and Sheets seized the piano under his mortgage, and began action to foreclose it. The trial court held, in effect, that the seizure under the prior unrecorded mortgage gave Sheets priority over the holder of the second mortgage. On appeal this court reversed that ruling and decided in substance that, as the statute (Code, sections 2905, 2906) declares that no mortgage or conditional contract of sale shall be valid against existing creditors or subsequent purchasers without notice, such invalidity can not be remedied or avoided by seizing the property under the first claim before the holder of the second mortgage records his lien. In other words, it

holds that the owner of the invalid or unrecorded first mortgage can not by a seizure of the property thereunder put himself in the position of a subsequent purchaser without notice as against the unrecorded second mortgage. If we are not to overrule the cited case, there seems to be no escape from a reversal of the judgment below. Whether the same rule would apply if Jones, instead of taking possession of the piano under the contract of sale, had procured it by a new contract with Tillotson based upon a new or additional consideration, we need not here decide.

Appellee seeks to avoid this result by the argument that there is nothing in the record to identify the piano in controversy as the one covered or sought to be covered by plaintiff's mortgage, and that, in any event, the mortgage is void because of uncertainty of description. But the mortgage is not void except as against subsequent purchasers without notice.

2. CHATTEL MORTGAGES: description of property.

As between the parties the description, however imperfect, may be aided by evidence *aliunde,* and the property intended to be mortgaged thus pointed out. *Clapp v. Trowbridge,* 74 Iowa, 550; *Ordway v. Kittle,* 83 Iowa, 752; *Gammon v. Bull,* 86 Iowa, 756. No one but attaching creditors or subsequent purchasers without notice can object to the sufficiency of the description and the rule applied in *Sheets v. Poff, supra,* excludes from the list of subsequent purchasers all who occupy the relation which is held by the appellee herein. Moreover, the answer seems to concede the identity of the piano.

3. SAME: extrinsic evidence.

It follows that the judgment of the district court must be *reversed.*