IOWA STATE BANK OF FORT MADISON, Appellee, v. N. S. BRADFIELD et al., Appellants.

CHATTEL MORTGAGES: Priority—When Date of Recording Immaterial. A chattel mortgage which is taken without actual knowledge of an existing unrecorded chattel mortgage is prior in right to said first mortgage, even though said first mortgage is first recorded.

Headnote 1: 11 C. J. p. 649.

Headnote 1: 5 R. C. L. pp. 448, 449.

*Appeal from Lee District Court.—*JOHN M. RANKIN, *Judge.*

OCTOBER 18, 1927.

Chattel mortgage foreclosure. Defendant Bradfield claims priority for a chattel mortgage held by him, executed by the same mortgagor upon the same property. Decree for plaintiff. Bradfield appeals.—*Affirmed.*

*J. M. C. Hamilton,* for appellants.

*Herminghausen & Herminghausen,* for appellee.

MORLING, J.—Bradfield alone took issue in this case, and for brevity, will be treated as if he were sole defendant. The mortgagor, Phillips, gave to Bradfield a chattel mortgage on barber shop equipment. This mortgage purports to be dated July 16, 1924, and to have been acknowledged January 6, 1925. It was filed for record January 8, 1925. Bradfield bases his case upon the claim and evidence that this mortgage was actually executed July 16, 1924. While there are substantial reasons for doubting this assertion, and for believing that Bradfield later took his mortgage, with knowledge of the existence of plaintiff's mortgage, we, for the purpose of the decision, assume Bradfield's contention to be true. On September 26, 1924, plaintiff loaned Phillips $550. Plaintiff claims that the chattel mortgage which it seeks to foreclose was executed the same date, to secure this loan. It and the certificate of acknowledgment upon it are dated January 20, 1925. The mortgage was filed for record on the last named date. The testimony of plaintiff's cashier and of its employee, a notary who took the acknowledgment, is to the effect that the note and mortgage were executed and the acknowledgment taken September 26, 1924, at the time the loan was made; that the notary, instead of then filling out the certificate of acknowledgment, was called to the window, and overlooked the making out of the certificate; that the mortgage was misplaced, with other papers, and overlooked until January 20, 1925; that the notary then completed the certificate, but carelessly put in the then present date, January 20, 1925, instead of the prior actual date of execution and acknowledgment, September 26,

1924. Phillips testifies that he signed the mortgage about January 20, 1925. We find the truth on this question to be with the plaintiff. It is not denied that, if the Bradfield mortgage was executed July 16, 1924, and the plaintiff took its mortgage on September 26, 1924, plaintiff is a subsequent purchaser without notice, and the evidence so shows. By the express language of the statute, therefore, the Bradfield mortgage is not valid against the plaintiff. Code of 1924, Section 10015. It is immaterial that Bradfield's mortgage was first filed for record, or that he took possession under it before plaintiff's mortgage was filed. *Sheets v. Poff,* 123 Iowa 714; *Swayne v. Tillotson,* 148 Iowa 501.—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.