LEWIS STOLL *v*. E. D. SCHNEIDER.

(*Nashville.* December Term, 1928.)

Opinion filed February 9, 1929.

A. E. Horn and Louis Feuerstein, for plaintiff in error.

A. J. Calhoun, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This is a replevin suit originating in a justice of the peace court.

Schneider has for many years been engaged in the sale of barber and shoe shine parlor supplies in Memphis.

In the summer of 1926 Schneider entered into a written contract with Pappas, the pertinent provisions of which are as follows:

"Received this 16th day of June, 1926, from E. D. Schneider, under conditional contract for the sale thereof, as hereinafter stated, the following described property:

"1 Two Section #604 Mirror Case 9 Ft.
Long ...........................$104.00
"1 One Section #604 Mirror Case 6 ft.
long ...........................  75.00
"1 #576 Boot black stand, 8 Chairs Mahogany Finish Black Leather ...... 496.00
                                  ———————
                                  $675.00

for which I, we, or either of us, jointly and severally promise to pay to the order of E. D. Schneider the principal sum of Six Hundred and Seventy Five & no/100 Dollars."

(Then follows terms of payment).

"The title to the property listed in this contract shall remain in the said E. D. Schneider until the said purchase price is fully paid.

"The undersigned agrees to keep all the within described property at No. 1 Main St., Memphis, Tenn., and shall not remove same or any part thereof, from the said place before the said price and all other charges herein mentioned are fully paid, without the consent in writing endorsed hereon by the said E. D. Schneider."

(1) The only question involved is the sufficiency of the description of the property. Schneider has been successful in the other courts.

Pappas, after operating a shoe shining parlor at No. 1 Main Street for several months, absconded. He was in arrears in his rent and his landlord, Stoll, attached the property set forth above, which was replevied by Schneider.

Schneider testified, without objection, that these goods were specially manufactured for the room described, being special sizes to fit the space; that while the number of mirrors indicated a particular design, the length of these mirrors were not standard lengths, and that there were no other mirrors of those lengths in Memphis.

Pappas, in the written contract, acknowledged the receipt of the chattels in suit and agreed to keep them at the place designated.

Since they were made for a particular place, and delivered to the purchaser upon agreement that he should keep them at that place, we think the contract implies that they were delivered and located at No. 1 Main Street. That fact removed any doubt as to the sufficiency of the description.

The rules generally applicable to chattel mortgages as to description are less rigid than those applied to conveyances of realty. 11 C. J., 456.

The rule as to description applies alike to a chattel mortgage or a conditional sale.

In 11 C. J., 457, it is said: "As against third persons the description in the mortgage must point out its subject-matter so that such persons may identify the chattels covered, but it is not essential that the property may be identified by it alone, if such description suggest inquiries or means of identification which, if pursued, will disclose the property conveyed. The rule is based on the maxim, That is certain, which is capable of being made certain."

· This rule was announced by this court in *Kenner & Co.* v. *Peters*, 141 Tenn., 63.

*(2)* In 5 R. C. L., 424, it is said: "A statement as to the location of the chattels mortgaged is one of the most important elements in the description. Other details without this element often amount to little or nothing, whereas its presence with other slight details often makes easy the ascertainment of the property meant to be designated."

Applying these principles to the facts of this case, it is difficult to conceive of a more complete description, and counsel for appellant has suggested none.

*(3)* In this view of the case it becomes unnecessary to comment upon chapter 31, Acts of 1927, which makes parol testimony, in aid of description, competent in certain instances. It is also unnecessary to determine whether the Act of 1927 could be availed of in this case, since this suit was pending in the circuit court when the act was passed.

In *Thompson* v. *Missouri,* 171 U. S., 380, 43 L. Ed., 204, it was held that such an act was not an *ex post facto* law.
Writ denied.