ASHLEY AND GIBBS *v.* AVEN PRESTON, *et al.*

(*Nashville.* December Term, 1930.)

Opinion filed June 10, 1931.

L. A. LIGON, for plaintiff in error.

H. B. McGINNESS, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Ashley and Gibbs, referred to herein as plaintiffs, instituted this suit against Winfrey and Preston, whom we shall designate as defendants, to recover damages in the sum of $560.85 for the breach of a contract.

In September, 1928, plaintiffs purchased from defendants thirty-five head of cattle for eleven cents per pound, plus one dollar per head, and paid for them by check in the sum of $2549.60. Plaintiffs were to graze and feed the cattle for one year, when defendants were to repurchase them at eleven cents per pound. This was one entire contract. Defendants refused to comply with their agreement to repurchase, whereupon plaintiffs sold the cattle at the market price, and brought this suit to recover the difference between the market price and the contract price. The contract was verbal. Defendants plead the Statute of Frauds, section 4 of our Uniform Sales Act, which, as amended by section 2, chapter 93, Acts of 1923, is as follows:

"(1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

The trial court sustained the plea and dismissed the suit. The Court of Appeals reversed the circuit court and remanded the case for a new trial. A petition for writ of *certiorari* has heretofore been granted and argument had.

Section 74 of the Uniform Sales Act provides:

"This Act shall be so interpreted and construed as to effectuate its general purpose to make uniform the laws of those states which enact it."

■ The Uniform Sales Act has been adopted in thirty-one states, and in numerous decisions the necessity of a uniform construction of its provisions is emphasized. The phraseology of section 4 of this act and that of the 17th section of the English Statute of Frauds is practically the same, the only material difference being that under the latter act a parol contract is void, while under our act such a contract is merely voidable at the election of one or either of the parties thereto. Our statute provides that such a contract "shall not be enforceable by action;" it is directed at the remedy and not the validity of the contract. *Producers Coke Co. v. Hoover*, 268 Pa., 104.

■ The plaintiffs insist that the term "party to be charged" should be construed to mean the "seller," but we find no authority to support this contention. With respect to section 17 of the English statute, which, prior to the enactment of the Uniform Sales Act, had been adopted in many states, the construction given it is thus stated in 25 Ruling Case Law, 669:

"Where the statute requires the contract or memorandum to be signed by the party to be charged, it is essential, according to the general view, that it be signed by the party against whom it is sought to be enforced, who is to be deemed the party to be charged. Thus, according to the great weight of authority, the fact that the memorandum, in case of a contract for the sale of either goods or land, is signed by the seller or vendor, who is the party seeking to enforce the agreement, is insufficient; it must also be signed by the buyer or vendee against whom it is sought to be enforced. The same is true where the memorandum is signed by the vendee or buyer only and he seeks to enforce the contract against the vendor or seller."

In 27 Corpus Juris, 289, it is said:

"The two general rules as to the party or parties who must sign the memorandum are that a party not signing the memorandum cannot be charged on the contract; and that the only signature made necessary by the statute is that of the party to be charged, or, in other words, defendant in the action or the party against whom the contract is sought to be enforced. In most jurisdictions these rules are applied to all promises and agreements falling within the fourth and the seventeenth sections of the English statutes of frauds and corresponding provisions in the statutes of the various states."

In cases involving the Uniform Sales Act, the question we are considering does not appear to have been specifically passed upon. The courts seem to have proceeded upon the assumption that the rule announced in the foregoing texts was a correct one, and that an action is not maintainable on a parol contract, unless the party sought to be charged (the defendant) has bound himself in writing. The question as to whether the party sued is a seller or a purchaser is immaterial. The language of the act is so plain that it speaks for itself, and the general construction given it conforms to what we conceive to be the error sought to be corrected, namely, that one cannot maintain an action on a contract of sale where the amount involved exceeds $500, unless the party sought to be charged has obligated himself in writing.

It is true that this court in a long line of decisions has held that in a contract for the sale of land the party to be charged under section 4 of the English statute (section 3142 of Shannon's Code) is the owner of the land. The reason given by this court for so construing the statute is thus stated in *Whitby* v. *Whitby*, 36 Tenn. (4 Sneed), 473, 478:

"It obviously was designed to protect the owners of land from being drawn into hasty or inconsiderate agreements in relation to what is deemed the more valuable and important species of property, and to guard against misunderstanding as to the nature and extent of such agreements; and hence the provision that the owner should not be divested of his title except by evidence in writing, signed by himself. This in substance is the letter and spirit of the statute."

It seems that the courts of Tennessee and Kentucky are the only ones who have so construed this statute. This has now become a rule of property in this State and will be adhered to. Where personal property is involved the reason for the rule as to sales of land does not apply, and there are no precedents to impel us to interpret this uniform act contrary to the construction given it in other jurisdictions.

The contention that the legislature in enacting the Uniform Sales Act had in mind the construction which this court had given section 3142 of Shannon's Code is without merit. In the first place, the statutes are different, and the reason for the rule as to the sale of land does not apply in the sale of personal property. In the second place, the courts have been admonished by the legislature to give the act the construction placed thereon by courts in other jurisdictions where it has been enacted so as to make the law uniform.

While we are unwilling to hold that "the party to be charged" is necessarily the seller, we find that the authorities do hold that an agreement for sale and subsequent repurchase by the seller is one entire agreement, so that where the sale is completed the contract has been so far performed as to take the agreement to repurchase

out of the statute of frauds. *Vohland* v. *Gelhaar*, 136 Wis., 75, 16 Ann. Cas., 781; *Melniker* v. *Winter*, 105 N. J. L., 278; *Grotte* v. *Rachman*, 114 Neb., 284; *Pierce* v. *Rothwell*, 38 Wyo., 267; *Armstrong* v. *Orler*, 220 Mass., 112; *Johnston* v. *Nask*, 116 N. Y., 136.

The Court of Appeals reached a correct result, and its judgment will be affirmed.