ODUM *v.* ADKINS *et al.*

(*Knoxville*, September Term, 1934.)

Opinion filed December 14, 1934.

R. L. TURNER, of Smithville, for appellant.

DAVID M. ROBINSON, of Smithville, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On October 22, 1930, complainant purchased two mules from defendant Kate Adkins, for which he paid $100 in cash and executed and delivered to her the following note:

"$100.00

"On Nov. 15, 1931, B. P. Odum promise to pay Kate Adkins One hundred dollars balance on one pair of mules. Kate Adkins retains a title on mules until paid for. This 22 of Oct. 1930, at 6 per cent interest.

"B. P. Odum."

The bill was filed for the purpose of enjoining defendant Kate Adkins from instituting and prosecuting a replevin suit for said mules, upon allegations of breach of warranty as to soundness, and because of an insufficient description in the note. The cause was heard by the chancellor upon oral testimony, in accordance with chapter 119, Pub. Acts 1917, and he found both issues in favor of defendant Kate Adkins. The evidence was not preserved by bill of exceptions, the inquiry upon appeal being limited to the single question as to whether a conditional vendee, as against his vendor, can defeat the lien on account of an insufficient description of the property which he purchased and which was delivered to him. The chancellor held that he could not, and in this view the Court of Appeals concurred.

■■ The rule as to description of personal property is the same in a conditional sales contract as it is in a mortgage. *Stoll* v. *Schneider*, 158 Tenn., 344, 13 S. W. (2d), 325; *Rogers* v. *Whitney*, 91 Vt., 79, 99 A., 420.

Section 7286 of the Code is as follows:

"In all conditional sales of personal property, wherein the title to the property is retained by the vendor, as a security for the payment of purchase money, such

retention of title shall be invalid unless evidenced by a written contract or memorandum, executed at the time of the sale.''

While the statute makes no specific reference to the character of description required, it would necessarily have to be sufficient to enable a person to identify the property, otherwise it would be invalid for uncertainty.

With reference to conditional sales contracts, we quote from 55 Corpus Juris, 1203, as follows: ''No particular method of description is necessary. Nor is it necessary that such a description be given as will identify the property without the aid of parol evidence.''

In 11 Corpus Juris, 456-459, it is said:

''While the courts recognize well established principles for determining the sufficiency of the description of the property, they also recognize the impossibility of fixing inflexible rules therefor. Further, the rules generally applicable to chattel mortgages as to description are less rigid than those applied to conveyances of realty.

''As between the parties a description of the property mortgaged is sufficient if it so identifies the chattels that the mortgagee may say, with a reasonable degree of certainty, what property is subject to his liens, and a specific description is unnecessary in cases not involving the rights of strangers, without notice. Furthermore, a description that is not sufficient to make the mortgage valid as against a *bona fide* purchaser without notice, or against an attaching creditor, may nevertheless be sufficient as between the mortgagee and a trespasser or a stranger to the title. So, when the holder of an unrecorded chattel mortgage by failing to record it loses his right of priority, the only question as to the sufficiency of the description in another recorded mortgage thereafter given is whether it was sufficient between the parties thereto.

"As against third persons the description in the mortgage must point out its subject matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone, if such description suggest inquiries or means of identification which, if pursued, will disclose the property conveyed. This rule is based on the maxim, That is certain, which is capable of being made certain. So a description is sufficient if it may be aided by parol proof and the property covered by the mortgage identified."

In *Atwood* v. *Brown & Dillon*, 1 Shan. Cas., 639, 641, 642, which involved a contest between a mortgagee and an attaching creditor, this court, speaking through Judge McFarland, said:

"The argument for reversal has been principally upon the ground that the deed of trust is void for uncertainty in the description of the property conveyed. The description in the deed is as follows: 'Seventeen head of horses and three mules, eight wagons complete, six carts and harness complete, eighteen scrapers and attachments.' There is nothing showing where the property was situated, or other reference going to identify it.

"Our first inclination was to hold this deed void for want of a sufficient description to identify it from other articles of a similar character that the makers of the deed may have owned. For if the makers of the deed at the time owned more than seventeen horses, and more than three mules, it would be impossible to tell from the general description, without more, which particular seventeen horses or three mules passed by the conveyance. But the authorities seem to establish a different conclusion, and to allow parol testimony to aid the de-

fective description. Very general descriptions have been held sufficient. In *Barker* v. *Wheelip*, 5 Humph., 329 [42 Am. Dec., 432], the description of the stock conveyed was 'about twenty-five head of horses, six mules, one hundred and fifty head of sheep, forty head of cattle, including oxen, and two hundred head of hogs.' Four of the horses claimed to have been conveyed in this deed having been converted by the defendant, an action of trover was brought and proof was offered on the trial to show that the maker of the deed had at the time but seventeen horses, and that the four in dispute were part of them. The circuit judge rejected the testimony, but this court reversed his ruling, Judge TURLEY saying: 'The design obviously was to convey all the horses he had, and parol proof must always become necessary in such cases, and to refuse it must invariably defeat sales of personal property of this kind when it is not delivered at the time of the sale, as it will be found inpracticable to give such description of it as to obviate the necessity of introducing parol proof to show that the property sued for is the same thus conveyed.'

"The difficulty that would arise in a case where the deed conveys a number of horses without describing them, so as to identify them from his other horses, might also arise, even though they be described by their color, or such other description as they are susceptible of, for it might even then happen that the bargainor owned other horses of like description, and parol proof would be necessary in either case.

"The authorities as quoted in Hilliard on Mortgages, vol. 2, p. 374 et seq., and Burrill on Assignments, p. 262, show that the tendency of the decision has been to uphold such conveyances.

"It is said 'any description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates, will be sufficient.' "

The relaxation of the rigid rule as to the description of real property was sanctioned by the Legislature with respect to personal property in the enactment of chapter 31, Pub. Acts 1927, now Code, section 7298, which is as follows:

"Oral evidence shall be competent to identify or dispute the identity of personalty mentioned and included in a written contract or memorandum of conditional sale, where the property which, from its nature, cannot be definitely described; but the oral evidence shall only be admissible to supplement the description of said property set out in the original contract of sale."

In *Keener & Co.* v. *Peters*, 141 Tenn., 62, 206 S. W., 188, it was stated that the conditional sales statute was analogous to the statute of frauds. While similar, in that both provide that the contract shall be in writing, the requirements as to description are not so strict in the latter as in the former. This court furthermore, in *Ashley & Gibbs* v. *Preston*, 162 Tenn., 540, 39 S. W. (2d), 279, declined to hold the provision of the Uniform Sales Act, requiring contracts involving more than $500 to be in writing, analogous to the statute of frauds. In *Star Clothing Manufacturing Co.* v. *Nordeman*, 118 Tenn., 384, 389, 100 S. W., 93, 94, this court, with reference to the conditional sales statute, said: "The purpose of the statute was merely to forbid the making of such contracts by parol, as had been previously permitted."

In the reported decisions of this court as to the sufficiency of descriptions in conditional sales contracts the rights of third parties were involved. In the instant

case there is no controversy as to the particular mules purchased, and it is is difficult to imagine a case where such a controversy could arise between the original parties where the property has been delivered. We have been cited to no case holding the description insufficient as between the immediate parties, while the text quoted above from Corpus Juris to the contrary is supported by numerous cases, a few of which we will quote from by way of illustration.

In *Marchand* v. *Ronaghan*, 9 Idaho, 95, 72 P., 731, 732, it is said: "It was proper for the plaintiff to prove where the property was located, and identify it as the property mortgaged. It could in no way injure the mortgagor. The strictness of the rules applied to chattel mortgages where disputes arise between the mortgagee and attaching creditors and subsequent incumbrancers and purchasers in good faith is never applied where the differences arise between mortgagor and mortgagee, and the courts will not look with favor upon the efforts of a mortgagor to defeat the security given his creditors upon such flimsy pretexts."

In *Swayne* v. *Tillotson*, 148 Iowa, 503, 127 N. W., 667, it is said: "As between the parties the description, however imperfect, may be aided by evidence *aliunde*, and the property intended to be mortgaged thus pointed out. [Citing authorities.] No one but attaching creditors or subsequent purchasers without notice can object to the sufficiency of the description."

In *Hardaway* v. *Jones*, 100 Va., 483, 41 S. E., 957, 958, in which the property mortgaged was described solely as "four mules," the court, in holding the instrument valid, said: "It seems to be well settled that a description in a chattel mortgage or deed of trust may be suf-

ficient as between the immediate parties to it which would not be sufficient as against creditors or purchasers from the grantor in the deed.''

In *South Omaha Nat. Bank* v. *Stewart*, 75 Neb., 717, 106 N. W., 969, 970, the court said: ''It is only where the rights of innocent third parties have intervened that an incorrect or faulty description in a chattel mortgage can be taken advantage of.''

The relief sought in this cause could probably be denied on other grounds, unnecessary to consider in this opinion.

We find no error in the decree of the Court of Appeals, and therefore deny the petition for writ of *certiorari*.