TAYLOR v. RESSLER LEATHER CO.—97 S. W. (2d) 445.

Eastern Section. August 1, 1936.

Petition for Certiorari denied by Supreme Court, October 10, 1936.

Allen, Nelson & Allen, of Elizabethton, for plaintiff in error.
W. H. Clark, of Elizabethton, for defendant in error.

McAMIS, J. Action by conditional seller, Ressler Leather Company, against Joseph B. Taylor, conditional purchaser, to recover the possession of certain machinery. The circuit judge, sitting without the intervention of a jury, held the seller entitled to the possession of the property, and the purchaser has appealed in error to this court. We refer to the plaintiff below, here the defendant in error, as the seller, and the defendant below (plaintiff in error) as the purchaser.

It appears without controversy that the machinery was sold and delivered on or about December 20, 1934, and it is not denied that a purported conditional sales contract was entered into at the time of the delivery of the property purporting to secure approximately $500 of the purchase price. A note of $505 was executed simultaneously by the purchaser.

It is insisted that, while the conditional sales contract filed in the record and upon which the seller predicates its right to recover possession of the property bears date of December 20, 1934, it was not in fact executed until April 18, 1935—three months or longer after the purchaser secured possession of and title to the property. The contention made by counsel and supported by the testimony of the purchaser is that a conditional sales contract was executed on December 20, 1934, the date of sale, but that it was for some reason invalid, and that the contract appearing in the record was executed on April 18, 1935, at the request of the seller for the purpose of curing the infirmity in the first contract and that the contract originally executed was destroyed when the second was executed. It is said title had then vested in the purchaser and that no valid retention of title was possible at the date of the execution of the second contract. This is the sole attack made on the contract and the only question raised upon the assignments of error and brief filed by the purchaser in this court.

The purchaser testified that he signed a contract when he purchased the machinery but that an agent of the seller brought it back to him on April 18, 1935, stating that he had signed a contract of another customer of the seller by mistake and that the original contract was therefore not good. He testified that he then executed the present contract which was dated back to date of December 20, 1934, the date of sale.

Without considering the admissibility of this testimony as tending to contradict or alter the terms of a written contract and conceding that this testimony is true, we think the circuit judge was correct in holding the seller entitled to recover the property and enforce its lien.

It appears from the testimony of the purchaser himself that there was a mutual intention on the date of sale that the title to the property should remain in the seller until paid for in full and that by inadvertence or mistake the purchaser executed a contract intended for another customer of the seller, or at least by mutual mistake executed a contract which, because of its invalidity, failed to accomplish the purpose intended; namely, the retention of title by the seller. Under this state of facts a court of equity, upon application of the seller, would have reformed the contract to make it express the true intention of the parties. We see no reason why the parties themselves could not do for themselves by mutual agreement what a court of equity would have done for them. We think the subsequent execution of the contract now in suit effectively rectified the mistake in the first contract and placed the parties in the status and with the rights originally intended. 55 C. J., 1207.

It is true as insisted that a valid retention of title cannot be retained in the seller after he has parted with title, but in this

case there was never any intention that title should pass to the purchaser, and it was only because of a mistake that the contract originally executed failed to accomplish the intention of the parties. The rights of innocent third parties are not involved, and in our opinion, as between the parties themselves, the right of the seller to reclaim possession of the property is clear.

Many of our cases hold that, in order to be valid, a conditional sales agreement must contain a description of the property sufficient to identify it and that otherwise it would be invalid for uncertainty. However, in the case of Odum v. Adkins, 168 Tenn., 215, 76 S. W. (2d), 648, a suit by the seller against the purchaser, it was held that the seller was entitled to reclaim the property, the rights of third parties not being involved, although the description was insufficient. By the same reasoning we think the seller should be entitled, under the peculiar facts of this case, to recover the property, third party rights not being involved. To permit the seller and purchaser by agreement made subsequent to the sale and after the passing of possession and title to agree upon a retention of title in writing where the rights of third parties are involved would defeat the registration laws which the Legislature doubtless had in mind when it was provided that the retention of title should be invalid unless evidenced by written contract executed at the time of sale. To so hold would open wide the door to fraud and collusion between the seller and the purchaser. But such is not the case where the suit is between the seller and the purchaser, the rights of third parties not being in any way affected.

For the reasons indicated, we think the assignments of error must be overruled and the judgment below affirmed, with costs, and it is so ordered.

Portrum and Ailor, JJ., concur.