SOUTHERN INDUSTRIAL BANKING CORP., Petitioner,

v.

DELTA PROPERTIES, INC., Respondent.

Supreme Court of Tennessee.

Nov. 1, 1976.

**816**

Merle Johnson, Knoxville, for petitioner.

William D. Vines, III, Butler, Vines, Babb & Threadgill, Knoxville, for respondent.

## OPINION

FONES, Justice.

This is a suit by a real estate company against a commercial loan institution for damages arising out of the alleged breach of an oral agreement by the loan company to lend the real estate company $20,000 on a land purchase.

A jury verdict for plaintiff in the sum of $10,100 was approved by the trial judge and affirmed by the Court of Appeals. We granted the writ of certiorari because of our concern about the issues of the statute of frauds and promissory estoppel. We hold that the agreement is within section four of the statute and do not reach the issue of promissory estoppel.

### I.

Plaintiff below, respondent here, was the high bidder on a tract of land sold through the Knox County Probate Court on April 4, 1973. Terms of the sale required ten (10%) percent of the purchase price of $25,500 to be paid on the day of the auction and the balance due within ten (10) days. After complying with the ten (10%) percent down provision, plaintiff went to defendant to obtain a loan for the balance of the purchase price, to be secured by a trust deed on the land. Defendant would not process plaintiff's loan application until another loan sought by the plaintiff was processed and closed. This was not accomplished until late May, 1973. On or about June 13, 1973, the defendant agreed to loan the plaintiff $20,000. The terms obligated the plaintiff to pay four (4) discount points as well as seven (7%) percent add-on interest over a five (5) year period to be secured by the property bid upon at the court sale, but later a misunderstanding arose as to the acreage to be included. Defendant prepared all of the documents required to close the loan to plaintiff and scheduled the closing for June 28, 1973. This date was agreed upon on June 22, when Lakins, President of plaintiff corporation, advised Mitchell, Branch Manager of defendant corporation, that he would be out-of-town until June 28. There were direct contradictions

in the testimony of Lakins and Mitchell as to what events actually occurred on June 28, 29 and 30, 1973, why the loan was not closed, and the amount of acreage to be given as security for the loan. On Monday, July 2, 1973, plaintiff was advised either to pay the balance of the purchase price into court or execute an assignment of its rights as successful bidder to a designated purchaser, that date, under threat of contempt. Plaintiff executed the assignment and brought this suit.

Plaintiff's theory was that defendant's refusal to close the loan was without just cause being motivated by a plan to direct into the hands of others, a profitable transaction. Defendant denied any improper motivation and asserted several grounds in justification of its refusal to close.

## II.

■ The threshold legal issue asserted by defendant is that the oral agreement to lend plaintiff $20,000 on the security of a deed of trust on real estate falls within the statute of frauds, T.C.A. § 23–201(4). Defendant relies upon *Lambert v. Home Federal Savings and Loan Association,* 481 S.W.2d 770 (Tenn.1972), wherein the Court held that the promise to convey to another a lien or charge upon land, as security for a loan, is equivalent to a promise to sell an interest in land, and is therefore governed by section four of the statute of frauds. The instant case falls squarely within the ambit of *Lambert* and must be treated as a contract for the sale of land, in our determination of the application of the statute of frauds to the agreement upon which plaintiff predicated his cause of action.

Plaintiff contends that sufficient memorandum of the loan agreement was introduced at the trial or was shown to have existed, to satisfy the statutory requirement that, "[s]ome memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized." T.C.A. § 23–201(5).

At the time of the trial the only documents available were two (2) checks totaling $20,000 dated June 28, 1973, that had been signed by Mitchell, authorized by defendant, one payable to plaintiff in the sum of $19,966.70 and one payable to the Knox County Register of Deeds in the sum of $33.30. It was first stipulated and later testified by Mitchell that defendant prepared for a June 28, 1973, loan and sale closing, a note, deed of trust, disclosure statement, insurance policy and other documents necessary to complete the loan transaction with plaintiff. All of the papers except the checks were destroyed after the loan did not close, apparently pursuant to routine company procedures. Lakins testified that no written loan application was made or entered into.

■ The trial judge was of the opinion that the two (2) checks, were sufficient memoranda of the promise to make the loan. The Court of Appeals agreed, but also held the statute of frauds inapplicable, "*under the peculiar facts of this case.*" The doctrine of promissory estoppel or equitable estoppel was held by the intermediate court to preclude defendant from asserting the defense of the statute.

In *Lambert,* Mr. Justice Humphreys writing for the Court, said:

"The rule by which the thirteen instruments exhibited to the bill as memoranda satisfying the Statute of Frauds must be tested is well stated thusly: 'The general rule is that the memorandum, in order to satisfy the statute, must contain the essential terms of the contract, expressed with such certainty that they may be understood from the memorandum itself or some other writing to which it refers or with which it is connected, without resorting to parol evidence. A memorandum disclosing merely that a contract had been made, without showing what the contract is, is not sufficient to satisfy the requirement of the Statute of Frauds that there be a memorandum in writing of the contract.' 49 Am.Jur. Statute of Frauds, §§ 353, 363–364. *Lee v. Cherry,* 85 Tenn. 707, 4 S.W. 835, 4 Am.St.Rep. 800 (1887); *Otis v. Payne,* 86 Tenn. 663, 8

. S.W. 848 (1888), are to the same effect as the above." 481 S.W.2d at 773.

The two (2) checks obviously fail to satisfy that test.

■ The deed of trust by which plaintiff would have conveyed an interest in real property is the critical instrument, if the memoranda gap is to be bridged. Also, under our controlling decisions, plaintiff, as owner of the interest in the real property to be conveyed, is the party to be charged and its signature on the appropriate memorandum is indispensable.

In *Ashley and Gibbs v. Preston,* 162 Tenn. 540, 39 S.W.2d 279 (1931), Mr. Justice McKinney writing for the Court said:

"The reason given by this court for so construing the statute is thus stated in *Whitby v. Whitby,* 36 Tenn. (4 Sneed), 473, 478:

'It obviously was designed to protect the owners of land from being drawn into hasty or inconsiderate agreements in relation to what is deemed the more valuable and important species of property, and to guard against misunderstanding as to the nature and extent of such agreements; and hence the provision that the owner should not be divested of his title except by evidence in writing, signed by himself. This in substance is the letter and spirit of the statute.' " 162 Tenn. at 544, 545, 39 S.W.2d at 280.

We continue to adhere to the owner—vendor application of the party to be charged rule, in real property cases. To do otherwise, in our opinion, opens the door to misunderstanding as to the nature and extent of such agreements. This case is a classic example as will hereinafter appear.

### III.

Lakins' version of the oral loan commitment differed from Mitchell's. The tract of land upon which plaintiff was high bidder at the court sale consisted of 4.04 acres on Old Maynardsville Road. Lakins testified that plaintiff wanted to build an office for itself on .37 acres in the northeast portion of the tract, and desired to exclude that land from the lien of the deed of trust to defendant, so that another loan might be obtained for said purpose. Plaintiff employed a land surveyor to carve that lot out of the 4.04 acre tract. A plat of survey of the entire 4.04 acres with the dimensions of the .37 acre lot, shown as fronting on Old Maynardsville Road, 103.36 feet to a depth of 173.8 feet on the west side and 149.6 feet on the east side was introduced as an exhibit. Lakins testified that he took that plat to Mitchell on June 11, 1973, and, ". . . made application on the 3.67 acres." Mitchell agreed that Lakins asked that the .37 acre lot be excluded from the lien of the deed of trust, but denied defendant agreed at any time, to do so. His version of the dispute follows:

Q. When did he first request this?

A. I don't remember.

Q. Was it the first time he talked to you about this property?

A. No sir.

Q. Was it in the month of May or the month of June?

A. It was in the month of June. I don't remember exactly the time he asked for it.

Q. What did you say?

A. Well, from my common knowledge I knew that we probably couldn't take a lien on just a portion of the property. I did contact my supervisor and the decision was that we would not take a loan on part of the property, but the whole property is the only way we'd make it.

Q. Did you ever tell Mr. Lakins that you would make him a loan on anything less than the entire 4.04 acres?

A. No sir.

Lakins testified that he called Mitchell early on the morning of June 28, 1973, and was told, for the first time, that defendant would not make the loan on the security of 3.67 acres but require a lien on 4.04 acres.

■ While neither the stipulation nor Mitchell's testimony about the documentation prepared for a June 28, closing describes the contents of the trust deed, the

foregoing testimony leaves the strong inference that, as prepared, the description embraced 4.04 acres. It follows, that even if the documentation that came into existence briefly unseen, undelivered and unsigned by plaintiff could be considered as memoranda of the transaction, and our party to be charged rule abandoned, plaintiff is in the untenable position of relying upon memoranda that does not support its version of the oral contract and must rely upon parol evidence to supply the description of the realty to be conveyed as security.

Furthermore, the disputed ·issue of whether the security for the loan was to be 4.04 acres or 3.67 acres illustrates the validity of the purpose of the statute of frauds, to avoid the inevitable duel of different versions of the spoken word, unsettling and legally intolerable where real property is involved.

Defendant's assignment of error relying upon the statute of frauds is sustained.

The reasoning and authorities relied upon by plaintiff and the Court of Appeals to establish promissory estoppel and take this case out of the statute of frauds are inapposite.

The judgment of the Court of Appeals is reversed and the case dismissed. Costs are adjudged against plaintiff.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.